[United States Health & Accident Ins. Company v. Hill.]

# United States Health & Accident Ins. Company *v*. Hill.

## *Assumpsit.*

(Decided June 17, 1913.   Rehearing denied June 27, 1913.
62 South. 954.)

1. *Certiorari; Service of Notice; Quashing; Waiver.*—Where a case was brought to the circuit court by certiorari without service of notice on defendant, but objection thereto was not made until after both parties had entered a general appearance, and had consented to a continuance, and the motion to quash was not made until after the submission of the cause, there was a waiver of the defect, and the objection and motion were too late.

2. *Appeal and Error; Harmless Error; Pleading.*—Where the same matter of defense was available under other pleas interposed to which no demurrers were sustained, a party is not prejudiced by the sustaining of demurrers to pleas setting up such defense.

3. *Same; Evidence.*—Where the defense was false representations in the application for insurance, and the insured denied signing the application, the court should have permitted an expert to give his opinion whether the signature to the application, and plaintiff's signature written in open court, on cross-examination, were written by one and the same person.

4. *Evidence; Expert; Handwriting.*—A witness who testified that he has had much experience in comparing handwriting from many years service as a detective and chief of police is competent to testify as an expert.

5. *Same; Comparison of Handwriting; What May Be Compared.*—Where a witness denied that a signature was his, and is compelled, on cross-examination, to write his name in open court, such signature may be compared with the alleged signature by an expert, as it is a part of the examination of a witness, and is taken out of the rule against comparison with papers not in evidence.

6. *Custom and Usage; Knowledge of.*—A custom in issuing policies cannot be shown in evidence where it is not shown that the insured had knowledge of such custom.

7. *Pleading; Variance; Immaterial.*—A cause will not be reversed for immaterial variance between the pleadings and the proof.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

[United States Health. & Accident Ins. Company v. Hill.]

Action by William Hill against the United States Health & Accident Insurance Company. From a judgment for plaintiff, the defendant appeals. Reversed and remanded.

The complaint declares upon an accident insurance policy issued by said defendant to plaintiff December 21, 1909, in which said policy defendant insured plaintiff against accidents to the person for the term of one year, and agreed to pay plaintiff the sum of $10 per week so long as he should be disabled from following his usual occupation by reason of said accident, and plaintiff avers that on or about the 14th day of January, 1910, he suffered an injury by reason of an accident which disabled him from following his usual occupation for the space of 10 weeks, of which said defendant has had notice, and has failed and refused to pay the same.  The third plea sets up an application in which plaintiff stated that he had no other accident or health insurance in this or any other company, association, or society, and that he warranted the statement to be true, but that said statement was untrue, and that the policy was issued upon the faith of said certificate.  The fourth plea set up the same application and representations, and that the representation was false and was known to plaintiff to be false at the time, and that the policy was issued on the faith of such representation.  The fifth is practically the same as the third and fourth combined.  The sixth plea sets out the question and answer, and alleges the same to be material and false, and that the policy was issued on the faith of such statement.  The seventh is the same as the third.  Defendant afterwards filed pleas A, B, and C, which set up in full the application, and make the allegations alleged in the former pleas, setting out what other companies he was insured in, together with the conditions governing the same.

·It appeared from the evidence that plaintiff had insurance in several other accident companies, and had been paid by several of them for the accident here sued. C. W. Austin testified that he had had much experience in comparing handwriting obtained from long experience of years of service as a detective and as chief of police of the city of Birmingham. The policy was introduced and contained the usual provisions and conditions as to indemnity; the first being effects resulting directly and exclusive of all other causes from bodily injuries sustained during the life of this policy solely through external, violent, and accidental means, monthly indemnity $50.

PALMER P. DAUGETTE, for appellant. Defendant was entitled to notice of the writ of certiorari, and the court is in error in placing it on trial in the absence of such notice.—Secs. 4717-4720, Code 1907. The court erred in sustaining demurrers to defendant's pleas 3, 4, 5, 6 and 7.—*Mut. L. I. Co. v. Allen,* 56 South. 568; *Hunt v. Preferred A. I. Co.,* 55 South. 201; *Satterfield v. Fidelity M. L. I. Co.,* 55 South. 200; *Continental C. Co. v. Ogburn,* 57 South. 852; 115 N. Y. 1107. The court erred in sustaining demurrers to amended plea 6.—Vance on Ins. 294; 28 Cent. Dig. secs. 681, 690. Counsel discuss assignments of error relative to evidence, but without citation of authority.

GEORGE E. BUSH, for appellee. After entering general appearance and consenting for a continuance of the cause, defendant was not in position to object to going to trial, or to make the motion to quash the certiorari.— *Rosenburg v. Claflin & Co.,* 95 Ala. 249. Where there are pleas to which no demurrers are sustained, under which the defense set up by pleas to which demurrers

have been sustained is available, no prejudice results.— *Empire L. I. Co. v. Gee*, 60 South. 90. Austin was not shown to be an expert in such sense as to authorize him to testify as such.—*Moon v. Crowder*, 72 Ala. 88; 38 Ia. 538; *Gibson v. Trowbridge Co.*, 96 Ala. 358; *N. Y. L. I. Co. v. McPherson*, 137 Ala. 116. The appellant is not in position to complain of the court's ruling in excluding the application and the policy, as the bill of exceptions fails to set them out, and it will be presumed on appeal that they did not offer any competent evidence.

PELHAM, J.—Suit was originally instituted by the appellee in the inferior court of Birmingham, and was brought by certiorari, at the instance of appellee, to the circuit court. The judgment entry in the record shows that both parties appeared generally in the circuit court on the 31st day of December, 1912, and that the case was continued (by consent of both parties) to a later day in the term. When the case was subsequently called for trial, the defendant objected to going to trial because notice of the certiorari had not been served upon it. The objection came too late, after the general appearance and consent to a continuance.—*Goss v. Davis*, 21 Ala. 479; *Gould v. Meyer*, 36 Ala. 565. No ruling on the defendant's motion to quash the certiorari is shown by the judgment entry, and the bill of exceptions shows that the motion was made, not only after appearance entered and pleas filed by the defendant, but after all of the evidence in the trial on the merits had been introduced by the plaintiff and defendant and the case submitted to the court for a decision. It appears from the record that the case was tried on January 2, 1913, and was taken under advisement by the court and judgment rendered for plaintiff on March 8, 1913, and that the motion to quash was argued and submitted to the court on

March 15, 1913, and was overruled on that date. The motion was not seasonably made, and error cannot be predicated on the court's action in overruling it.

The court's action in sustaining the plaintiff's demurrer to pleas Nos. 3, 4, 5, 6, 7, and to amended plea 6, if error, was without injury, as the defendant received the benefit, under pleas to which no demurrers were sustained, of all matters of defense sought to be set up in the pleas that demurrers were sustained to.—*New C. C. & C. Co. v. Kilgore*, 4 Ala. App. 334, 58 South. 966; *L. & N. R. R. Co. v. Mason*, 4 Ala. App. 353; 58 South. 963.

The witness Austin was shown to have sufficient knowledge on the subject to testify as an expert, and the court was in error in sustaining the plaintiff's objection to the question asked this witness: "I will ask you, Mr. Austin, whether or not, in your opinion, the two signatures exhibited to you were written by the same person." One of the signatures referred to is shown to have been the signature to the application for the insurance policy the basis of plaintiff's cause of action, that the defendant contended was the genuine signature of the plaintiff, and the other signature was one the plaintiff had written at the request of the defendant in open court while under cross-examination by the defendant.

As said by BRICKELL, C. J., in writing the opinion of the court, in *Williams v. State*, 61 Ala. 33, 41: "There are cases in which a witness denies his signature, and may on cross-examination be compelled in the presence of the court to write his name *for the purposes of comparison*." (Italics ours.) The signature written in the presence of the court becomes a part of the examination of the witness and takes it out of the rule against making a comparison between the writing in question and

extraneous papers not in evidence.—*Griffin v. Association*, 151 Ala. 597, 603, 44 South. 605.

The court was not in error in refusing to allow the defendant, against the plaintiff's objection, to prove a custom of the defendant company in issuing its policies, of which the plaintiff is not shown to have had knowledge.

The plaintiff having denied signing the. application shown him and offered in evidence, and no proof having been made under the ruling of the court, contradictory of this testimony and going to show that the plaintiff signed the application, the court properly refused to admit it in evidence against the objection of the plaintiff on the evidence before the court; but the evidence of the witness Austin, erroneously excluded, would make the application admissible, if he testified in answer to the question propounded to him that in his opinion the same person wrote both signatures.

Each of the special pleas relied upon by the defendant to defeat a recovery on the policy set up the written application "signed by him [plaintiff]," and, the proof having failed to establish the fact that such application had been signed or made by the plaintiff, under the rulings of the court on the admissibility of testimony, the conditions, representations, or warranties contained in the application and set up by the pleas as a forfeiture were not before the court, and could not, under the evidence admitted by the court, operate to show a forfeiture or to prevent a recovery because of the falsity of any representation or warranty contained therein. There was no plea filed setting up and relying alone upon the condition contained in the policy providing that in accepting the policy the insured warranted the truth of the statement of the schedule of warranties indorsed on the policy; but each and all of the special pleas set up

and relied upon the statements contained in the written application alleged to have been made and signed by the defendant, and these allegations were not proven under the evidence admitted, and the pleas based on them necessarily failed. On the evidence admitted by the court on the issues tendered by the pleading on which the case was tried, the court properly rendered a judgment for the plaintiff, but was in error in not admitting the evidence of the witness Austin above pointed out as to the genuineness of the signature to the application, and this evidence would have made the application admissible if the answer to the question had been favorable to the defendant.

There was no material variance between the policy declared upon and the policy introduced in evidence in support of the plaintiff's suit. The complaint would not be demurrable even if it failed to aver the dates of issurance and duration properly, if it sufficiently appeared that the policy covered the loss.—*Ins. Co. v. King,* 106 Ala. 519, 17 South. 707.

For the error of the court that we have pointed out and discussed, its judgment must be reversed.

Reversed and remanded.

