# Stone *v.* The State.

*Adultery.*

(Decided June 3, 1914.  65 South. 693.)

1. *Evidence; Letters; Identification.*—Where a witness testified that he received a certain unsigned letter in due course of mail, and the envelope bore a card in the corner requesting its return to defendant at a given address, and the letter contained a request that the person addressed act as a witness for the defendant in the prosecution in question, the defendant having denied writing the letter, and having written down in the presence of the court and jury some

of the same matter or contents, the letter and the writing done by defendant in the presence of the jury and court, were properly admitted in evidence.

2. *Appeal and Error; Harmless Error; Instructions.*—Where the jury, by its verdict, assessed the lowest fine authorized by the statute, an instruction that the jury could assess a fine at not less than $100.00, and any sum over that that they may deem just and right, was not prejudicial to the defendant.

3. *Witnesses; Credibility; False Testimony.*—It is only when the jury believe that the witness has willfully sworn falsely to a material matter that they are authorized to disregard his entire testimony.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Andrew Stone was convicted of adultery, and he appeals. Affirmed.

See, also, 64 South. 158.

Paul Tatum was shown a letter, and the envelope with it, and testified that he received the letter in the envelope in due course of mail, that the letter was unsigned, but the envelope bore in the left-hand upper corner, "After __ days return to J. A. Stone, Calera, Ala., R. F. D.," and that the letter came to him sealed and stamped in that envelope. The contents of the letter, in brief, was an appeal to Tatum and his wife to be witnesses for defendant in his case with him and Minnie Barnett (the woman with whom the alleged adulterous intercourse was had), and offering to pay them, and requesting that nothing be said about the letter or the offer.

The following charges were refused to the defendant:

(7) The court charges the jury that, if you believe any witness in this case swore falsely to any material fact, then you are authorized to disregard all his or her testimony.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.　Counsel discuss the exceptions noted, but without citation of authority.

PELHAM, J.—The defendant on cross-examination denied having written the letter testified to by the state's witness Paul Tatum as having been received by him, and without objection at the request of state's counsel wrote down in the presence of the court and jury some of the same matter or contents—the same letters, words, and figures of which the letter was composed—for the purpose of comparing the two writings.　The disputed writing, and the writing done in the presence of the court (which latter became a part of the cross-examination of the witness) were properly submitted to the jury for comparison.—*Williams v. State*, 61 Ala. 33, 40; *U. S. Health & Accident Co. v. Hill*, 9 Ala. App. 222, 62 South. 954; 17 Cyc. 181, 182.　The letter contained matter having reference to the charge against the defendant and was properly admitted in evidence.—*Oakley v. State*, 135 Ala. 15, 33 South. 23.

The court improperly charged the jury orally that they could assess a fine of not less than $100 and "any sum over that within your judgment and discretion"; but, as the jury assessed the lowest fine authorized by the statute, the verdict cured the error, or rendered it harmless.—*Palmer, et al. v. State*, 168 Ala. 124, 53 South. 283.

The court properly refused the general charges requested by the defendant and submitted the case to the jury.

Charge No. 7 is not a correct statement of a legal proposition.　It is only when the jury believe that a witness has willfully sworn falsely that they are author-

[Brantley v. The State.]

ized to disregard the entire testimony of the witness.—
*Childs v. State,* 76 Ala. 93.

Other rulings of the court presented are manifestly
correct or without prejudice to the defendant, and re-
quire no discussion.

We discover no error authorizing a reversal, and the
judgment appealed from is ordered affirmed.

Affirmed.