# Nelson *v.* The State.

## *Carrying Concealed Pistol.*

(Decided June 16, 1914. 65 South. 844.)

· 1. *Witnesses; Impeachment.*—Where it does not appear that the act of delinquency about which inquiry· was made constituted a crime of which the witness had been convicted, the witness cannot be impeached by proof of a specific actual delinquency not connected with any fact in issue in the cause.

2. *Same; Bias; Credibility.*—In a prosecution for crime a defendant is entitled to introduce testimony that the witnesses for·the state whom he claimed were falsifying, bore him ill will, as such evidence is competent for the purpose of affecting the credibility of the witnesses' testimony.

· 3. *Weapons; Evidence.*—Where the state's witnesses had testified that they saw a pistol protruding from the hip pocket of defendant while he was at a station in a certain town, defendant was entitled to show that he went from that station to another place in the same town without making any changes in his clothing, or in what he had on or about his person, and that there was no pistol on his person when he was seen at the latter place; it being the province of the jury to say whether the conditions were the same at the two places, and the credibility of such evidence.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Wiley J. Nelson was convicted for the unlawful carrying of a pistol, and he appeals. Reversed and remanded.

W. P. LONGSHORE, and RIDDLE & ELLIS, for appellant. It is permissible to prove a state's witness's hostility to a defendant, even though the witnesses admit bad feeling.—*Fincher v. State*, 58 Ala. 215; *Compton v. State*, 96 Ala. 31; *Lodge v. State*, 122 Ala. 97; *Polk·v. State*, 62 Ala. 237. A witness may be questioned on cross examination upon any subject, however remote for the purpose of testing his credibility.—*Owen v. State*, 96 Ala. 120; *Thompson v. State*, 100 Ala. 70. Defendant was entitled to show that he went from the station where it

is alleged he had the pistol protruding from his pocket, to another point in the town without change of clothing, and that when seen at the other point he had no pistol.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

WALKER, P. J.—On the cross-examination of one of the witnesses for the state he was asked if he remembered the time he stole the defendant's watch, and the defendant got after him and made him bring it back. It was not error to sustain the state's objection to this question. A witness cannot be discredited or impeached by proof, elicited on cross-examination or otherwise, of specific acts of delinquency unconnected with any fact in issue in the case.—*Crawford v. State,* 112 Ala. 1, 19, 21 South. 214; *McQueen v. State,* 108 Ala. 54, 18 South. 843; *Lowery v. State,* 98 Ala. 45, 13 South. 498; *Morgan v. State,* 88 Ala. 223, 6 South. 761. There was no suggestion in the question that the witness had been convicted of the offense inquired about. The defendant was not entitled to prosecute such a collateral inquiry.

The evidence against the defendant was the testimony of several witnesses to the effect that they saw part of a pistol protruding from one of his hip pockets while he was in his shirt sleeves walking about the station grounds at Shelby Springs. The defendant was entitled to rebut this evidence by testimony tending to prove that he went from the station grounds to another place without making any change in his clothing, or in what he had on or about his person, and that there was no pistol on his person when he was seen at the latter place. It was for the jury to pass upon the credibility of the evidence of the conditions being the same at the two places.

[Nelson v. The State.]

On the examination of the defendant, testifying as a witness in his own behalf, he was asked questions as to the state of feeling existing between him and two witnesses who had testified for the state prior to and at the time the prosecution was instituted by one of those witnesses, his counsel stating, when the first of the questions was objected to, that he expected the answer to the question to show that a bad state of feeling existed between the defendant and the witnesses mentioned. Proper evidence of hostile bias of an opposing witness should not be excluded. Enmity, or ill feeling between parties, is a fact to which a witness may testify if he knows it.—*Holmes v. State,* 100 Ala. 80, 14 South. 864; *Polk v. State,* 62 Ala. 237; *Lodge v. State,* 122 Ala. 97, 26 South. 210, 82 Am. St. Rep. 23. The effect of the rulings of the court in sustaining objections to several questions asked in this connection was improperly to deprive the defendant of the opportunity of adducing evidence having a tendency to prove that witnesses who testified aganist him were influenced by a hostile bias by which the credibility of their testimony might be affected.

It is not deemed necessary for the purposes of another trial to mention other questions presented for review.

Reversed and remanded.