# Harrison *v.* The State.

## *Violating Prohibition Law.*

(Decided April 6, 1915. 68 South. 531.)

*Intoxicating Liquors; Evidence; Bias.*—Where witnesses for the State had testified against a defendant, in a prosecution for the sale of liquor, the court should have permitted the defendant upon cross-examination to ask them if their employer did not entertain enmity towards the defendant, send them before the grand jury and take a deal of interest in the prosecution.

APPEAL from Shelby Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Frank Harrison, Jr., was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

RIDDLE & ELLIS, for appellant. The defendant was entitled to cross-examine the witnesses as to the enmity of Peters, their employer, towards the defendant, and as to his activity in pushing the prosecution.—*Nelson*

*v. The State,* 65 South. 844; *Garner v. The State,* 58 South. 123; *Lodge v. The State,* 122 Ala. 97; *Holmes v. The State,* 100 Ala. 80.

W. L. MARTIN, Attorney General and J. P. MUDD, Assistant Attorney General for the State.

PELHAM, P. J.—A careful reading of the testimony of the witness Ernest West, as set out in the bill of exceptions, does not disclose an abuse of the court's discretion generally as to the range and extent of the cross-examination permitted, as contended by counsel, but we think the court should have allowed the questions propounded to the witness having a tendency to impeach his impartiality and seeking to show that he was under the influence of a bias that might affect the weight to be accorded his testimony, because of an enmity entertained by one George Peters against the defendant. The said Peters was the employer of the witness testifying in behalf of the state, and it was competent on cross-examination to show that the employer was taking an interest in the prosecution and entertained a feeling of enmity towards the defendant, so that the jury, in weighing the testimony of the witness, would be in full possession of all the facts calculated to exert any influence on the witness that might show a bias or affect the weight to be accorded his testimony. This witness was asked by defendant's counsel on cross-examination the following questions, to which the court sustained objections interposed by the solicitor: "Isn't it a fact that George Peters has a great deal of enmity towards this defendant, and that he sent you and Bosworth both before the grand jury?" "What did George Peters have to do with your going before the grand jury?"

In this the court was in error.—*Prince v. State,* 100 Ala. 144, 14 South. 409, 46 Am. St. Rep. 28; *Lodge v.*

*State,* 122 Ala. 97, 26 South. 210, 82 Am. St. Rep. 23; *Harwell v. State,* 11 Ala. App. 188, 65 South. 702.

The court was also in error in not permitting the defendant on cross-examination to ask the other state's witness, Bosworth, who was also employed by the said Peters, if Peters had not taken a great deal of interest in the prosecution in behalf of the state. In the case of *Prince v. State, supra,* the reviewing court held it to be error for the trial court to sustain an objection to this question propounded on cross-examination to a state's witness, "State whether the company you are working for is taking any interest in the prosecution of the defendant," saying in the opinion considering that question: "In weighing testimony the jury ought to be in possession of all facts calculated to exert any influence upon the witness. It cannot be said as a conclusion of law that an employee testifying in a matter in which he knows his employer is interested personally or pecuniarily is or is not wholly unbiased. It is proper for the jury to know the character of the interest of the employer, how it is to be affected, and in what way it is manifested. An employer may act from a sense of public duty, or be interested in seeing that another has a fair trial, or it may be that he is actuated by pecuniary interest, or a spirit of revenge, or vindictiveness, and may use his position as employer to bias the evidence of his employee. We think it safe to hold that, when an employee is testifying, it may be shown that his employer is interested in the prosecution."

Other rulings on the evidence are without error, and the other questions presented show no reversible error, but the errors pointed out necessitate an order of reversal.

Reversed and remanded.