# Storey *v.* The State.

### Perjury.

(Decided June 6th, 1916; 72 South. 267.)

1. **Witnesses; Impeachment; Specific Acts.**—A witness cannot be impeached by showing specific actual delinquencies not connected with the facts in issue, unless it constitutes a crime involving moral turpitude of which the witness has been convicted, or bears such relation to the transaction under investigation as to show bias or prejudice on the part of the witness; hence on a trial for perjury the question as to whether or not a witness was the mother of an illegitimate child was improper.

2. **Same; Corroboration.**—Where the defendant was being prosecuted for perjury, in that he had sworn falsely to having sexual intercourse with prosecutrix in a prosecution for seduction, the testimony of a witness that when another witness called to her to go and see the defendant in a compromising position with the prosecutrix she refused, was not admissible.

3. **Appeal and Error; Harmless Error; Evidence.**—Where the questions were answered fully and the answers not excluded, it was harmless error to sustain objections to the questions.

4. **Perjury; Jury Question.**—The evidence examined and held sufficient to require a submission to the jury of the guilt, vel non, of the defendant.

5. **Appeal and Error; Review; Affirmative Charge.**—Where the bill of exceptions does not purport to set out all the evidence, the appellate courts will not review the refusal to give the affirmative charge.

6. **Witnesses; Impeachment; False Swearing.**—The fact that a witness may have sworn falsely as to a material fact does not justify the jury in disregarding his entire testimony; the rule being that if a witness willfully swears falsely as to a material fact, the jury may disregard his entire testimony, but are not bound to do so.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Otis Storey was indicted and convicted of the offense of perjury, and he appeals. Affirmed.

The state charged that on his examination as a witness, duly sworn to testify on the trial of one Sterling Taylor in the circuit court of Houston county, Ala., under indictment for seducing Esther Campbell, an unmarried woman, which said court had authority to administer said oath, he falsely swore that at a party early in March, 1913, at John Grizzle's he, the said Otis Storey, had sexual intercourse with said Esther Campbell, the matters so sworn being material, and the said testimony of said Storey being willfully and corruptly false. While the state was examining Esther Campbell as a witness, the defense offered to show by her that she was the mother of a bastard child, but the court sustained the state's objection thereto. Other than the affirmative charge, the defendant was refused the following charge: "If any witness testifying in this case has sworn falsely as to any material matter, then the jury would be authorized to discard the testimony of such witness entirely."

E. S. THIGPEN, for appellant. WILLIAM L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.— (1) It is well settled that a witness cannot be impeached by proof of a specific actual delinquency not connected with the facts in issue, unless it constitutes a crime involving moral turpitude of which the witness has been convicted, or bears such relation to the transaction under investigation as to show bias or prejudice on the part of the witness.—*Nelson v. State,* 11 Ala. App. 221, 65 South. 844. The objection to the question asked the witness Esther Campbell, eliciting the fact as to whether or not she was the mother of a bastard child at the time the alleged perjured testimony was given by defendant, was properly sustained.

(2) The witness Newton swore that he could not say that one of the persons he saw at the well was Esther Campbell. Granting this as true, it was clearly immaterial who the person was. The witness Linnie Bell Gibson testified that she saw the defendant and Esther Campbell in a compromising position in the yard near the well, and called her sister and the witness Blanche Newton to go and see the defendant and Esther while in this position, but they would not go. The statement of the witness to the effect that she called her sister and Miss Newton to go see those parties was not disputed, and it was not permissible for the purpose of bolstering up her testimony to prove this collateral fact by the witness Newton, and the court properly sustained the objection of the solicitor to the question to Miss Newton, eliciting the fact that Miss Gibson called to her and that she refused to go.—*Newsom v. State,* 107 Ala. 137, 18 South. 206.

(3) Although the records show that objections were sustained to the several questions eliciting testimony from defendant as to the circumstances under which he made the statement to Roland that he, defendant, had never had sexual intercourse with Esther Campbell, yet the record shows that the questions were fully answered and the answers were not excluded. Therefore, if it was error to sustain the objections, it was without injury.

(4) The evidence shows without dispute that defendant testified as a witness on the trial of Sterling Taylor, charged with the seduction of Esther Campbell, that he had sexual intercourse with the said Esther Campbell at John Grizzle's house; that the act of sexual intercourse occurred during the progress of a party at said Grizzle's house, "out in the back yard, back of the house, just over the fence." The witness Esther Campbell testified that no such act of sexual intercourse took place, and, as corroborating her testimony, the state offered evidence tending to show that Esther did not leave the room where the party was in progress from the time she arrived at the house until she left with her brother and sister. If this was true, and that was for the jury, the defendant had no opportunity to have sexual intercourse with Esther out in the back yard, behind the house, just over the fence, and the tendency of this evidence is to show that the testimony of the defendant given in the seduction trial was false. It tended to prove the corpus delicti, and was sufficient to

5—14

justify .submission of the case to the jury.—*Peterson v. State,* 74 Ala. 34; *Powell v. State,* 5 Ala. App. 155, 59 South. 328; *Mc-Daniel v. State,* 13 Ala. App. 318, 69 South. 352.

(5) The bill of exceptions does not purport to set out all the evidence, and we are not authorized to review the refusal of the affirmative charge.—*Clardy v. Walker,* 132 Ala. 264, 31 South. 78; *Sanders v. Steen,* 128 Ala. 633, 29 South. 586; *Sou. Ry. Co. v. Herron,* 12 Ala. App. 415, 68 South. 551; *South. Ry. Co. v. Kendall, Infra,* 69 South. 328.

(6) The other special charge refused to defendant was not a correct statement of the law, and was properly refused.—*Stone v. State,* 11 Ala. App. 141, 65 South. 693.

There is no error in the record, and the judgment is affirmed.
Affirmed.