(79 South. 16)

## LUSK et al. v. CHAMPION REGISTER CO.
### (6 Div. 752.)

(Supreme Court of Alabama. April 11, 1918.)

**1. DISMISSAL AND NONSUIT ⬅81(1)—VOLUNTARY NONSUIT—REINSTATEMENT.**

A nonsuit taken by plaintiff because of the court's action in overruling plaintiff's demurrer to defendant's plea in abatement is not a voluntary nonsuit, so as to deprive the court of the right to correct the ruling within 30 days, and to permit a reinstatement of the cause.

**2. EXCEPTIONS, BILL OF ⬅41(1)—TIME FOR SIGNING.**

Under Code 1907, § 3019, providing that a bill of exceptions must be signed within 90 days following its presentation, where trial was had on January 5th, and the bill of exceptions was presented to the court on April 4th, and not signed until July 19th, a motion to strike must be granted.

**3. APPEAL AND ERROR ⬅256 — REVIEW — RESERVATION OF EXCEPTIONS.**

Under Acts 1915, p. 598, providing that all written motions and rulings thereon shall on appeal become part of the record, reviewable without reservation of exceptions, the court can, from the recitals of the record proper, review the action of the trial court in sustaining a motion to strike an amended plea in abatement, whether exception has been entered or not.

**4. PLEADING ⬅194(2), 358 — FRIVOLOUS PLEA—DEMURRER—MOTION TO STRIKE.**

While a demurrer and not a motion to strike is the proper method of testing the sufficiency of a plea in abatement, where the plea is frivolous, it is within the discretion of the court to allow the same to be stricken.

**5. PLEADING ⬅358 — FRIVOLOUS PLEA IN ABATEMENT.**

In an action against a carrier for conversion of a shipment of goods sold by the carrier for charges, a plea in abatement by the receivers of the carrier that the receivers did not permanently reside within the state, that plaintiff was a foreign corporation, that the cause of action did not arise in the county wherein suit was brought, was frivolous, where it appeared that the railroad ran through such county, and the receivers had been appointed before the cause of action arose.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Suit by the Champion Register Company against James W. Lusk and others, as receivers of the St. Louis & San Francisco Railroad Company. From a judgment for plaintiff, defendants appeal. Submitted on motion to strike bill of exceptions and upon the merits. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Suit by appellee (plaintiff) against the appellants (defendants), as receivers of the St. Louis & San Francisco Railroad Company, to recover damages, as in conversion, for certain property shipped by appellee to the Hamilton Mercantile Company, which the latter refused to receive, and which was sold by the railroad company for freight and storage charges. The suit was brought in Jefferson county in February, 1914, and was called for trial on February 8, 1916, before Hon. J. E. Blackwood, who was designated to hold court in said county as authorized by law.

On February 8, 1916, the defendants filed an amended plea to the jurisdiction of said court, setting up in substance that the defendants, the said receivers, J. W. Lusk, W. C. Nixon, and W. B. Biddle, or any of them, did not have a permanent residence within the state of Alabama; that the plaintiff is a corporation organized and existing under the laws of the state of Ohio; and that the alleged cause of action set up did not arise, nor did the alleged act or omission complained of, or the alleged injury or damage to the plaintiff, occur in Jefferson county, but occured in Marion county, Ala.; that, since said action is brought in a county other than the county in which the alleged injury or damage to the plaintiff was sustained, or the act or omission complained of was done or occurred, or the alleged cause of action arose, and since none of these defendants have a permanent residence within the state of Alabama, and plaintiff is a foreign corporation, therefore the said cause of action brought in the circuit court of Jefferson county should be abated. Motion was made to strike this plea upon the ground that it was frivolous, constituted no defense, showed upon its face that the defendants are sued as receivers of the St. Louis & San Francisco Railroad Company, and that the defendants are nonresidents of the state of Alabama, and failed to show whether said railroad—if in the hands of the receivers—would be suable in this court, and, further, the St. Louis & San Francisco Railroad Company is a foreign corporation, and was prior to the appointment of the defendants as receivers engaged in the operation and conduct of a line of railway in Alabama and in Jefferson county; that prior to the institution of this suit, and the alleged conversion complained of, these defendants were appointed as receivers, and had subsequently been engaged in such capacity in the operation of said line of railway—a part of same lying in Jefferson county—with agents, employés, and servants performing their duties therein; that service of process was duly had upon defendants in all respects as provided by section 5731 of the Code of 1907. It is further alleged that the venue of this action is not dependent upon, or defeated by, the nonresidence of these defendants. The motion was overruled on February 8, 1916.

Demurrers were interposed to said plea as amended upon practically the same grounds as set out in the motion. The said demurrers were on the same date overruled. On account of the adverse rulings of the court in respect to said plea, the plaintiff took a nonsuit with a bill of exceptions.

On February 18, 1916, the plaintiff duly presented and spread upon the motion docket a motion which recited the matters above referred to, the overruling of the court thereon,

and other matters not necessary to set out. The plaintiff moved the court to enter an order revoking its former orders and decisions in regard to said plea, and cause to be entered an order allowing the withdrawal of said involuntary nonsuit taken by the plaintiff, and reinstating the cause on the trial docket. On February 25, 1916, said motion came on for hearing. Counsel for defendants objected to a hearing of the motion upon the ground that plaintiff, having voluntarily taken a nonsuit, was not entitled to review any action of the court upon the plaintiff's motion to strike, or the plaintiff's demurrers to, the defendants' amended plea. This objection was overruled, and defendants excepted. Upon the motion being argued, the court entered an order granting the motion, and reinstating the cause upon the docket. Thereafter, on January 5, 1917, the cause came on for trial before Hon. C. B. Smith, one of the judges of the circuit court of Jefferson county, who presided upon the trial of the cause without a jury. The minute entry shows that the defendants, on January 5, 1917, refiled the plea in abatement as amended, and the plaintiff refiled the motion to strike the plea in abatement as amended, and amended the motion by adding additional grounds thereto. The entry further shows that the motion to strike said amended plea in abatement was granted. Some of the additional grounds of said motion to strike said plea in abatement were that the defendants had waived any right to attack the jurisdiction of the court by taking testimony in the cause upon the merits, and had in this way created costs in the cause. The trial of the cause was upon its merits, and was had before Hon. C. B. Smith on January 5, 1917, without a jury. The case was taken under advisement, and on January 13, 1917, judgment was entered for the plaintiff in the amount sued for.

The bill of exceptions was prepared and presented to Hon. J. E. Blackwood, and also Hon. C. B. Smith, on April 4, 1917. It appears, however, that only so much of the bill of exceptions as concerns what occurred when the cause was called for trial on February 8, 1916, before Judge Blackwood was presented and signed by him as the bill of exceptions in the cause. The signature of Judge Blackwood bears date June 29, 1917. The bill of exceptions was signed as approved by Judge Smith on July 19, 1917.

The cause was submitted upon the motion to strike the bill of exceptions, and especially that portion of the bill of exceptions purporting to have been signed by Hon. C. B. Smith, on the ground that the same was not signed within 90 days following the presentation, as required by law; and as to that portion purported to have been signed by Hon. J. E. Blackwood, upon the ground that he was not the presiding judge upon the trial of the cause; and upon the further ground that

the bill of exceptions was presented on April 4, 1917, and so much of the same as was signed, as approved, by Hon. J. E. Blackwood related to matters which occurred on February 8, 1916, and were therefore not such as could be reviewed. Affidavit was offered by counsel for appellee in support of the motion to strike, and the cause was submitted upon the motion to strike the bill of exceptions, or portions thereof, as well as upon the merits.

Forney Johnston and W. R. C. Cocke, both of Birmingham, for appellants. Francis M. Lowe, of Birmingham, for appellee.

GARDNER, J. [1] We pretermit, as unnecessary to be determined, the question as to whether or not, under the peculiar circumstances of this case, the ruling of the court in reinstating the cause upon the docket by order entered in February, 1916, is reviewable under the bill of exceptions presented in April, 1917. If reviewable, the action of the court was clearly without error, as we are of the opinion that the nonsuit taken by the plaintiff on account of the adverse rulings of the court, in sustaining the amended plea in abatement, was not a voluntary nonsuit in the sense insisted upon by counsel for appellants, and treated in the authority cited of Simpson v. Brock, 114 Ga. 294, 40 S. E. 266. It was an involuntary nonsuit, in that it was produced by such adverse rulings, and, clearly, the trial court had the right within 30 days thereafter to correct the ruling, and to permit, on motion of the plaintiff, a reinstatement of the cause.

[2] The record discloses that the trial of the cause was had on January 5, 1917, before Hon. C. B. Smith. The bill of exceptions was presented to him on April 4, 1917, but was not signed until July 19, 1917. It was therefore not signed within the 90 days following its presentation, and the motion of the appellee to strike the same, so far as it purports to be a bill of exceptions signed by the said presiding judge, must be sustained. Section 3019, Code 1907; Rice v. Beavers & Co., 196 Ala. 355, 71 South. 659.

[3] Counsel for appellants insist, however, that irrespective of the action of the court upon the motion to strike the bill of exceptions, the court can review, from the recitals of the record proper, the action of the court on January 5, 1917, in sustaining the motion to strike the amended plea in abatement; and this, whether an exception appears to have been entered or not. Acts 1915, p. 598.

[4] It is further insisted that the motion to strike was error, and that a demurrer, not a motion, is the method of testing the sufficiency of the plea. The substance of the plea and some of the grounds of the motion sufficiently appear in the foregoing statement of the case. It is of course recognized as a general rule that a demurrer, and not a motion, is the proper method of testing the sufficiency of pleas; but it is also well settled that

a plea may be so lacking in merit as to be classed as frivolous, and therefore within the discretion of the court to allow the same to be stricken instead of putting the plaintiff to a demurrer. Carter v. Fischer, 127 Ala. 52, 28 South. 376; Central of Ga. Ry. Co. v. Sims, 169 Ala. 295, 53 South. 826; section 5322, Code 1907.

[5] We are of the opinion that the plea comes within this rule, and that the court was not in error for sustaining the motion to strike the same.

The conclusion here announced results in an affirmance of the judgment.

Affirmed.

ANDERSON, C. J., and SAYRE, J., concur. McCLELLAN, J., concurs in conclusion.