### GRIGSBY v. STATE. (8 Div. 133.)

(Court of Appeals of Alabama. May 13, 1924.)

**1. Criminal law &#9758;785(16)—Requested charge as to disregarding testimony held properly refused.**

Requested charge that, if jury believed a certain state witness testified falsely as to a stranger being at a still, then they could disregard all of the testimony of such witness, *held* properly refused.

**2. Witnesses &#9758;317(1)—When jury may reject all testimony of witness.**

A jury is justified in rejecting the entire testimony of a witness only when it appears from the evidence that the witness has willfully sworn falsely to a material fact in the case.

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

Lee Grigsby was convicted of violating the prohibition law, and appeals. Affirmed.

Requested charge 5, refused to the defendant, is as follows:

"Gentlemen of the jury, if you believe that state witness, Preston Danly, testified falsely as to a stranger being at the still, then in your discretion you may disregard all of his testimony."

Mitchell & Hughston, of Florence, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1, 2] The evidence in this case was sufficient to justify the jury in finding a verdict of guilt.

Charge 5 was properly refused. Before the jury is justified in rejecting the entire testimony of a witness on the ground of "falsus in uno, falsus in omnibus," it must appear from the evidence that the witness has will-

fully sworn falsely to a material fact in the case.

There is no error in the record, and the judgment is affirmed.

Affirmed.

(100 South. 81)

### GRAY v. STATE. (8 Div. 168.)

(Court of Appeals of Alabama. May 13, 1924.)

**Intoxicating liquors &#9758;238(1)—Refusal of affirmative charge for defendant in liquor prosecution held erroneous.**

Refusal of affirmative charge for defendant in a liquor prosecution was erroneous, where evidence was insufficient to overcome defendant's presumption of innocence, and there was no evidence that defendant committed any of acts charged.

Appeal from Circuit Court, Limestone County; Osceola Kyle, Judge.

Will Gray was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

J. G. Rankin, of Athens, for appellant.

Harwell G. Davis, Atty. Gen. for the State.

BRICKEN, P. J. This appeal rests upon the refusal of the trial court to give the affirmative charge for defendant which was requested upon the grounds that there was no evidence upon which to base a verdict of guilt or to sustain a judgment of conviction.

This court sitting en banc has read the entire record, and has considered this question, and the court is unanimous in the opinion that the charge should have been given. It clearly appears that the evidence in this case is insufficient to overcome the presumption of innocence to which the defendant was entitled. The testimony at best raises a mere suspicion, and is wholly insufficient to meet the required burden resting upon the state. There is not a scintilla of evidence that this defendant committed any of the acts charged in the first count of the indictment, and for this reason the court should have directed the jury to find a verdict acquitting the defendant, as requested in writing.

Reversed and remanded.