(112 So. 367)

### KELLER v. STATE. (8 Div. 558.)

Court of Appeals of Alabama. April 12, 1927.

Stell & Quillin, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

BRICKEN, P. J. ■ The judgment of conviction of this appellant rested principally upon the testimony of the prosecutor, the alleged injured party, state witness Tom Farr, and Lillian Farr, his wife, and that of Mrs. Omie Whitfield, mother of Lillian Farr. On the trial of this case, each of said witnesses was successfully impeached by the evidence of several witnesses who testified to the general bad character of the witnesses; and that they would not believe either of said three state witnesses on oath in a court of justice. There was no evidence offered in support of the character of these witnesses. To further discredit the evidence of state witness Tom Farr, and to show bias, ill will, and motive upon his part for starting this prosecution, the defendant endeavored to show by said witness, upon his cross-examination, that he prosecuted this defendant, instead of one Ot Rollins, because his landlord, one John Scott, told him to do so as Rollins was a friend of Scott, and that he, Scott, was mad at the defendant. In this effort he propounded to said witness Tom Farr, on his cross-examination, this question:

"Q. You did tell them, Tom, that John (Scott) told you he didn't want you to prosecute Ot (Rollins), but prosecute Claude (defendant) because he was mad at him?"

■ The court sustained the state's objection to this question and would not permit the witness to answer. Whereupon the defendant reserved an exception and made known to the court that he expected and offered to prove that he did. This ruling of the court was error, necessitating a reversal of the judgment of conviction. The rule of evidence involved is elementary and needs no discussion. The ordinary rule of evidence provides that all material facts calculated to exert any influence upon a witness may be shown; and, in weighing testimony, the jury (or court) should be in possession of all facts having a tendency to impeach his partiality and seeking to show that he was under the influence of a bias that might affect the weight to be accorded his testimony. Prince v. State, 100 Ala. 144, 14 So. 409, 46 Am. St. Rep. 28; Harrison v. State, 12 Ala. App. 281, 68 So. 531; Harrison v. State, 12 Ala. App. 284, 68 So. 532; Johnson v. State, 13 Ala. App. 140, 69 So. 396; Nelson v. State, 11 Ala. App. 221, 65 So. 844.

■ There appears to this court no good reason why the trial court would not permit defendant to show facts tending to describe the locus in quo; that is, the size and extent of the cotton patch, etc., to which, during the trial, several references were made. The rulings in this connection were error, but probably of not sufficient import, standing alone, to require a reversal of the judgment of conviction.

■ The question of defendant to prosecutor Tom Farr, "Was anything said, out of the way, in that conversation that you heard between your women and these men?" to which the court sustained the state's objection, was too general and was objectionable in that it called for the conclusion of the witness. On cross-examination, it is permissible to ask the direct question as to what occurred, and defendant, having failed to avail himself of this right, cannot now complain.

Reversed and remanded.