176 So. 282

## ASBURY v. MOUNTZ.

### 8 Div. 803.

Supreme Court of Alabama.

Oct. 7, 1937.

T. M. Thomas, of Florence, and R. L. Polk, of Sheffield, for appellant.

Merwin T. Koonce and A. A. Williams, both of Florence, for appellee.

BOULDIN, Justice.

Action by purchaser of building lot against the vendor for breach of covenant to provide water supply or water connection for domestic purposes.

In 1924 an executory contract in writing, in form a lease sale contract, purporting to sell plaintiff a lot in Lee Highway Heights in Lauderdale county, was executed by her as buyer, and by "Koonce Real Estate Company, Authorized Dealer, Per, J. F. Koonce. Mrs. Ella J. Mountz, Seller." This instrument stipulated:

"Buyer herewith agrees for himself his heirs, and assigns not to erect any dwelling or business building on above described property costing less than $1,200 and not to sell, lease or rent the above property to anyone but a member of the Caucasian race.

"Seller guarantees graded streets in Lee Highway Heights and water for domestic purposes."

The failure on demand to provide "water for domestic purposes". is the basis of the suit.

Among the pleas interposed was the statute of limitations of six and ten years (Code 1923, §§ 8944, 8943).

The evidence without dispute disclosed the defendant was all the while a nonresident of the state, and was absent from the state from the time the alleged cause of action accrued for such periods as would prevent the perfection of a bar under Code, § 8958.

This issue being properly presented by replications, the plaintiff was due the affirmative charge thereon. The court erred in refusing plaintiff's written charge No. 3 withdrawing such issue.

The chief issue of fact arose on the sworn plea of non est factum, denying the execution of such contract by defendant or by any one authorized to bind her in the premises.

The evidence disclosed that. defendant had executed to J. F. Koonce, personally, a power of attorney to "grant, bargain and sell" such properties and to execute deeds. The contract stipulated such deed should be executed contemporaneous therewith and put in escrow pending payment of deferred installments. The trial court, in his oral charge, instructed the jury that, if Koonce in person signed the contract pursuant to the power of attorney in evidence, then the contract was signed by some one legally authorized in writing. A direct issue of fact on this point was presented in the evidence.

Defendant's given charge 11 reads: "The court charges the jury, that if any of your number is not reasonably satisfied from the evidence, after you have considered all of the evidence, that plaintiff is entitled to recover, then it is your duty to find a verdict in favor of the defendant."

Given charge 13 is to like effect. These charges are clearly erroneous.

They are wholly different in import from given charge 10, saying, in such event "you cannot find for plaintiff."

Charges 11 and 13 cannot be held merely misleading. They are clear and unambiguous. They tell the jury that, unless all can agree that plaintiff is entitled to recover, they must find for defendant.

In the event one or more cannot find for plaintiff, the others are instructed to yield, and give verdict for defendant.

They do not call for the unanimous verdict contemplated by law, but the contrary. In effect they deny to plaintiff the right of trial by jury.

While appellant's brief on this point couples charge 10 in same paragraph, the statement "such doubt might warrant a mistrial, but not a verdict for defendant," is sufficient to direct attention to the vice

of 11 and 13. The giving of these charges was reversible error.

While a motion in writing to strike certain replications, made a part of the record, with recital in the judgment showing motion to strike same granted, is reviewable by virtue of section 9459 of the Code, the rule still obtains that where no motion in writing appears to have been filed, is not made a part of the record, such ruling must be presented by bill of exceptions. Huntsville Knitting Mills v. Butner, 200 Ala. 288, 76 So. 54; Lusk v. Champion Register Co., 201 Ala. 596, 79 So. 16.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.