31 So.2d 75

**BAHAKEL et al. v. GREAT SOUTHERN TRUCKING CO.**

6 Div. 444, 445.

Supreme Court of Alabama.

May 8, 1947.

Rehearing Denied June 30, 1947.

Hugh A. Locke and Wade H. Morton, both of Birmingham, for appellants.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellee.

LIVINGSTON, Justice.

The appeal is from separate judgments rendered in two cases arising out of the same transaction, which were consolidated and tried together.

The claims adjudicated arose out of the collision of two trucks on highway 241, commonly called the "Florida Short Route," some five or six miles northward from Phenix City, Alabama. One of the trucks was owned by William Bahakel, and the other by the Great Southern Trucking Company. The Bahakel truck was being operated by Louis Bahakel and was headed northward, while the Great Southern truck was being operated by one Etheridge and was headed southward. Louis Bahakel sued the Great Southern Trucking Company claiming damages for personal injuries and loss of time from his work. William Bahakel sued the Great Southern Trucking Company to recover damage done to his truck and to the cargo of produce being carried thereon. The Great Southern Trucking Company sued William Bahakel to recover damage done to its truck.

The three separate suits were filed in the Circuit Court of Jefferson County, Alabama. On motion of the Great Southern Trucking Company, the three suits were consolidated and tried together. The trial resulted in separate verdicts and judg-

ments in favor of the Great Southern Trucking Company in the separate suits brought against it by Louis Bahakel and William Bahakel, and a verdict and judgment in favor of William Bahakel in the suit brought by the Great Southern Trucking Company against him. Louis Bahakel and William Bahakel filed separate motions for new trials, and upon said motions being overruled they appealed. The Great Southern Trucking Company did not appeal from the judgment against it in its suit against William Bahakel.

The only question presented for review is the giving of certain charges at the written request of the Great Southern Trucking Company, and the trial court's action in overruling the motions of Louis Bahakel and William Bahakel for new trials.

The collision between the two trucks occurred about five o'clock in the morning on July 1st, "about daylight" or just before. The highway was straight or practically so for some distance in both directions from the place where the trucks collided. The Bahakel truck was ascending a slight grade. The morning was foggy and both trucks were burning lights. There is some testimony to the effect that the fog was light in the high places and thick in the low places. Both drivers testified that the truck driven by him was on the right side of the center line of the highway in the direction in which he was driving, and that the truck of the other driver was also on that side by some two or three feet. The trucks, in effect, sideswiped each other.

Clearly enough the evidence presented a jury question as to which driver was at fault, and no contention to the contrary is here made.

Appellants contend that the giving of the following written charge for the appellee constitutes reversible error: "8. If you believe the evidence in this case and are reasonably satisfied therefrom that Louis Bahakel has wrongfully sworn falsely as to any material fact in this case, you may in your discretion disregard his entire testimony, both on that issue and every other issue in the case."

■ The well settled rule is that before a jury is authorized to disregard the testimony of a witness upon the principle of "falsus in uno, falsus in omnibus," it must appear that the testimony so given was willfully false, and that it relates to material matters. Grigsby v. State, 19 Ala. App. 661, 100 So. 82; Montgomery v. State, 17 Ala.App. 469, 86 So. 132; Pinkerton v. State, 246 Ala. 540, 22 So.2d 113; Storey v. State, 14 Ala.App. 127, 72 So. 267; Patton v. State, 156 Ala. 23, 46 So. 862; Bouie v. State, 12 Ala.App. 33, 67 So. 619; Fancher v. State, 217 Ala. 700, 117 So. 423; Elliott v. State, 19 Ala.App. 263, 97 So. 115; Thomasson v. State, 21 Ala.App. 562, 110 So. 563, certiorari denied 215 Ala. 315, 110 So. 564.

We have carefully examined all the cases cited by appellants to support their argument for a reversal, together with other cases not cited. Many, if not all of them, involve charges in which the word "willfully" is omitted. Such omission renders the charge subject to the interpretation that an innocent or unintentional lapse on the part of a witness subjects his testimony to the rule. A charge omitting the word "willfully" is obviously bad, and many of our cases are to the effect that the refusal by the trial court to give such a charge is not erroneous. In Pinkerton v. State, supra, in applying the rule, we held that the omission of the word "willfully" in the court's oral charge constituted reversible error, and, further, that under the circumstances of that case it was not incumbent upon the defendant to ask for an explanatory charge.

■ In the instant case, in charge eight quoted above, the word "wrongfully" is used instead of the word "willfully," the charge being otherwise proper. As used in charge eight, "has wrongfully sworn falsely," is subject to the interpretation that the witness has sworn falsely through innocence, ignorance, inadvertence, or by mistake. On the other hand, it is subject to the interpretation that the witness has knowingly and intentionally sworn falsely. Under Supreme Court Rule 45, Code 1940, Tit. 7 Appendix, judgments may not be reversed on the ground of giving or refusing

special charges, unless in the opinion of the Court, after an examination of the entire cause, it should appear that the giving or refusing of such charge has probably injuriously affected substantial rights of the parties. While we are not to be understood as approving charge eight, supra, we do not think that its being given injuriously affected the substantial rights of appellants. Any doubts in the minds of the jury could have been easily dispelled by requesting an explanatory charge.

Appellee's given written charge seven is as follows: "The court charges you that if any individual juror is not reasonably satisfied of the plaintiff's right to recover, you cannot find a verdict for the plaintiff."

■■ It is first insisted that charge seven directs a verdict for the defendant "if any individual juror is not reasonably satisfied of the plaintiff's right to recover." But such is not the import of the charge. The charge might warrant a mistrial in the event one or more jurors cannot find for the plaintiff, but does not direct a verdict for the defendant in that event. Asbury v. Mountz, 234 Ala. 553, 176 So. 282. It is further insisted that charge seven fails to hypothesize the evidence. Such a contention was disposed of in Hall v. Posey, 79 Ala. 84, 90, as follows: "The appellant excepted to the charge of the court which was given at the request of the appellee, plaintiff below. It is here contended, that this charge is faulty, 'in not limiting and confining the belief of the jury to the evidence before them.' We do not think there was any thing in this objection. The oath administered to the jury required them to render a true verdict according to the evidence; and to suppose they would entertain and act on any belief which was derived from sources other than the testimony, or the influences naturally and reasonably arising out of the facts proved, would be to impute to them a wicked disregard of their sworn duty, or great folly, which would show their unfitness for the trust confided to them. If counsel apprehended the jury would be misled by the instruction, it was a proper subject for an explanatory charge. O'Donnell v. Rodiger, 76 Ala. 222,

52 Am.Rep. 322." See, also, Davis v. Kornman, 141 Ala. 479, 37 So. 789.

Written charge four, given for appellee, reads: "The burden of proof in this case is upon the plaintiff."

■ Under ordinary conditions this charge correctly states the law, for the burden of proof is upon the plaintiff to make out the case charged in his complaint. But where other issues are involved, such for instance as contributory negligence in the instant case, such a charge may be misleading and call for explanation. The court may well have refused it. In the oral charge the court charged on contributory negligence,—all of which tends to show that the giving of this charge could not have misled the jury in any manner to appellants' prejudice.

Appellee's given written charge six is as follows: "The court charges you that if you are reasonably satisfied from the evidence that the plaintiff received his injuries as a proximate result of an unavoidable accident, your verdict should be in favor of the defendant."

Speaking to a similar charge in the case of Conner v. Foregger, 242 Ala. 275, 7 So. 2d 856, 857, this Court said:

"Charge 10 was a 'mere accident' charge. In Smith v. Naggett, 218 Ala. 227, 118 So. 283, our former decisions dealing with such charges were reviewed, and the rule declared by the full court that neither the giving nor the refusal of such charge is reversible error. This ruling has been frequently followed and reaffirmed. Loreno v. Ross, 222 Ala. 567, 133 So. 251; Alabama Produce Co. v. Smith, 224 Ala. 688, 141 So. 674; Birmingham Electric Co. v. Ryder, 225 Ala. 369, 144 So. 18; Berry v. Dannelly, 226 Ala. 151, 145 So. 663; Mobile & Ohio R. Co. v. Williams, 226 Ala. 541, 147 So. 819; Bradford v. Birmingham Electric Co., 227 Ala. 285, 149 So. 729; Alabama By-Products Corporation et al. v. Rutherford, 239 Ala. 413, 195 So. 210.

"Because of tendency to confuse and mislead, the better practice is to refuse such charge.—Authorities, supra."

Appellee's given written charge five is as follows: "The court charges you that if

you are reasonably satisfied that the defendant could not have avoided the accident complained of by the exercise of due care, skill, and diligence, then in that event your verdict should be for the defendant."

The argument that charge five fails to hypothesize the evidence is answered above in regard to charge seven, which also failed to hypothesize the evidence. Charge five is at most misleading, and the giving of it does not constitute reversible error.

Written charge 10, given for appellee, reads: "If you are reasonably satisfied from the evidence that the plaintiff, Louis Bahakel, was driving on the occasion complained of with his lights dimmed and not shining full strength, and are reasonably satisfied from the evidence that it was negligent under the circumstances for him so to do and that this negligence was a proximate cause of the collision, you cannot find in favor of the plaintiff, Louis Bahakel or William Bahakel."

Louis Bahakel testified "I had my lights on dim at the time." Etheridge, the driver of the Great Southern truck, testified that the lights on the Bahakel truck "were very dim." Other evidence was to the effect that there was a heavy fog on the highway. The question therefore of whether the dimming of the lights under the circumstances constituted negligence was for the jury. In any event, the charge did not assume to state that the lights being dimmed, if such was a fact, constituted negligence. The charge left the issue for the jury to decide whether, under the circumstances, this constituted negligence, and, if so, whether the resultant collision proximately resulted therefrom.

Appellants' assignment of error numbered seven is based on the trial court's refusal to grant a new trial. The only argument made in support of this assignment is the giving of the charges which we have disposed of above.

There is no reversible error in the record, and the cause is due to be and is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.