Marcelino LIRA–ORTEGA, Appellant,

v.

UNITED STATES of America, Appellee.

No. 25658.

United States Court of Appeals Fifth Circuit.

Sept. 30, 1968.

Rehearing Denied Dec. 13, 1968.

Robert E. Goodman, El Paso, Tex., for appellant.

Jamie C. Boyd, Ray Caballero, Asst. U. S. Attys., El Paso, Tex., for appellee.

Before BELL and SIMPSON, Circuit Judges, and ROBERTS, District Judge.

PER CURIAM:

Appellant charged by indictment and tried and convicted before a jury of two counts of violation of Title 21, U.S.C.

**507**

Sec. 176a,[1] raises two questions on appeal. We find no merit in either contention and affirm.

The first question is based on the trial court's refusal to require that the government divulge the identity of two confidential informers who furnished information which was the basis for the stopping and searching by customs agents of a person whom the agents positively identified at trial as appellant. The stopped person successfully fled, dropping the twenty-two Marihuana cigarettes as he ran. Appellant was later arrested and at trial testified that the agents were mistaken in their identification of him. He was corroborated in this respect by his wife's testimony.

Against this backdrop, the appellant urges that it was error for the trial court to deny a motion for bill of particulars identifying the informers so that they could be cross-examined as to their identification of him in their report to the agents. We fail to see where this would tend to prove or disprove that he was the person halted by the agents, and find accordingly that the trial court did not err in refusing to require that the identity of the informers be disclosed. No "compelling reason" for the disclosure was present. See McCray v. State of Illinois (1967), 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62.

Appellant fares no better as to his second contention that the trial court erred in admitting the twenty-two Marihuana cigarettes into evidence over the objection that they were the fruit of an illegal search and seizure in that the search without warrant was not based on probable cause. We hold that the information from the two confidential informers (each corroborating the other and one found reliable on former occa-

sions) that appellant, an agricultural laborer, was bringing Marihuana across the border and selling it to his coworkers, that he would be at a certain street location at 4 A.M., giving appellant's name and physical description, was sufficient basis for stopping and questioning appellant when he appeared at the indicated place at the indicated hour.

The seizure of the Marihuana occurred when appellant fled. The least favorable assumption to the government is that the arrest, or an attempted arrest, occurred then. Probable cause was present, and the trial court did not err in so holding. See McCray v. State of Illinois, supra, 386 U.S. at 311, 312, 87 S.Ct. 1056, distinguishing and limiting Roviaro v. United States (1957), 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, relied upon by appellant.

Affirmed.

1. The first count charged that appellant "knowingly, with intent to defraud the United States, imported and brought into the United States contrary to law 22 Marihuana cigarettes."

The second count charged that on or about the same date he "received and

concealed and facilitated the transportation and concealment, after importation, of 22 Marihuana cigarettes, knowing the same to have been imported and brought into the United States contrary to law and without having been invoiced as required by law."