236 So.2d 166 (1970)
STATE of Florida, Appellant,
v.
James Eugene MATNEY, Leo Charles Schuty a/K/a Leo Dean Welsh, and Susan Lind Hyers a/K/a Susan F. Matney, Appellees.
No. M-82.
District Court of Appeal of Florida, First District.
June 9, 1970.
Rehearing Denied June 30, 1970.
E. Allbritton, Asst. Atty. Gen., for appel- E. Allbritton, Asst. Atty. Gen. for appellant.
Joseph A. St. Ana, Jacksonville, for appellees.
WIGGINTON, Judge.
The State of Florida seeks appellate review of an order rendered by the Criminal Court of Record of Duval County dismissing the criminal prosecutions brought against appellees and discharging them from custody.
On November 22, 1968, an affidavit for a search warrant signed by a special agent of the Florida Bureau of Law Enforcement was filed before a Circuit Judge of the Fourth Judicial Circuit in Duval County. The affidavit averred partly upon personal knowledge, and partly upon information received from a reliable confidential informant, that certain stolen property was located in a specifically described apartment rented to and occupied by appellees. Based upon this affidavit, a search warrant *167 issued and was executed on November 23, 1968, at which time appellees were arrested, the apartment searched, and certain alleged stolen property seized by the arresting officers. Appellees were then charged in informations filed by the State Attorney with numerous offenses including receiving stolen property, breaking and entering with intent to commit a felony and grand larceny, breaking and entering with intent to commit a misdemeanor and petit larceny, and others.
Appellees filed a motion to suppress the evidence seized during the search of their apartment and to quash the affidavit and search warrant pursuant to which the search was made. At a hearing on these motions extensive testimony was taken pursuant to which an order was rendered directing appellant to divulge the name and address of the confidential informer referred to in the affidavit for search warrant. In response to this order, the State filed its return asking to be relieved of the requirement that it disclose the name and address of its informant for the reason that appellees had failed to establish their entitlement to the disclosure as an exception to the general rule which relieves the State from the necessity of disclosing the name of its informer on whose information a search warrant is obtained. In further support of its return the State alleged it reasonably anticipated that the disclosure of the identity of its informant would endanger his life and well-being and would seriously and irrevocably hamper investigations theretofore conducted and to be conducted in the future by the Florida Bureau of Law Enforcement. Upon consideration of the State's response the court rendered the judgment appealed herein dismissing all causes pending against appellees and discharging them from custody because of the failure and refusal of the State to comply with the court's order requiring disclosure of the name and address of its informant.
Appellees challenge the jurisdiction of this court to consider this appeal on the ground that the judgment sought to be reviewed is nonappealable. It is appellees' contention that the order dismissing the charges against them does not fall within any of the categories of judgments or orders of which the State is entitled to seek appellate review under the statutes and rules relating to appeals in criminal cases. With this contention we are unable to agree.
Rule 1.190(b) (1), Rules of Criminal Procedure, 33 F.S.A. provides that all defenses available by a plea, other than not guilty, shall be made only by motion to dismiss the indictment, information, or affidavit.[1] It was pursuant to this rule that appellees moved and the court dismissed the informations pending against them because of the State's refusal to disclose the name and address of its confidential informant.
Section 924.07(1) provides that an appeal may be taken by the State from an order quashing an information,[2] and Rule 1.190(f), Rules of Criminal Procedure, provides that for the purpose of construing F.S. Section 924.07(1), F.S.A. the statutory term "order quashing" shall be taken and held to mean "order dismissing."[3]
*168 Since the above-cited provision of the statute permits the State to appeal an order "quashing an information," which by Rule 1.190(f), Rules of Criminal Procedure, extends to an order "dismissing an information," the appeal from the order dismissing the informations rendered in the case sub judice is appealable by the State and appellees' contention must be rejected.
Turning now to the merits of this appeal, it clearly appears that although the trial judge, upon a consideration of the evidence adduced before him, indulged some doubts as to the legal sufficiency of the affidavit and the validity of the search warrant issued pursuant thereto because of the manner in which the search was conducted and inventory of the seized property prepared and filed, the sole and only ground upon which the informations against appellees were dismissed was the State's failure and refusal to disclose the name and address of its informant. We shall therefore confine our opinion to the propriety of the ground on which the challenged judgment is based.
The affidavit forming the basis of the search warrant and signed by the agent for the Florida Bureau of Law Enforcement avers that affiant was advised by a reliable confidential informant known by affiant to be a credible person that on a specified date the informant was in the company of two men known to him as James and Leo in the apartment occupied by them and located in the complex sought to be searched; that while in that apartment in the company of those two named men, they showed the informant a portable television set, several guns with long barrels, a large quantity of men's clothing, and a green statue of a woman in a kneeling position; that those men told the informant that they had stolen the above-described items of property, together with other property, when they broke into and robbed during the preceding month of August the apartment of one Rick Pauline located in Tampa. The affiant further avers that based upon the information received from his informant, he checked with the rental office of the apartment complex in Jacksonville and found that the numbered apartment described by the informant as the place where he met with James and Leo was in fact rented to one James Matney and Leo Schuty; that affiant thereupon checked with the Tampa Police Department and found that an apartment occupied by one Rick Pauline located in that city was reported to have been broken and entered during the preceding month of August, at which time a quantity of personal property was stolen and removed therefrom including three shotguns, one portable television set, a quantity of men's clothing, and a green statute of a female in a kneeling position; that a copy of the Tampa Police Department burglary report referred to was furnished to affiant and attached to his affidavit as an exhibit; that based upon the foregoing information affiant had reason to believe that the property stolen from the Rick Pauline apartment in Tampa was located in the apartment in Jacksonville then occupied by appellees James Matney and Leo Schuty a/k/a Leo Welsh. The issuance of a search warrant directed to the Sheriff of Duval County authorizing a search of the apartment described in the affidavit was prayed for by affiant. It was upon a consideration of the foregoing affidavit that the search warrant issued. At the hearing before the court the affiant testified that he had known his informant for a period of about one year prior to signing the affidavit, that during this time he had received information from him which proved to be entirely reliable. The testimony established that in his search of appellees' apartment, the officer found the exact personal property described to him by his informant which had been reported as having been stolen from the Pauline apartment in Tampa.
The issue to be decided is whether the trial court abused its discretion in dismissing the informations against appellees because of the State's refusal to disclose the name and address of its confidential informer. *169 In the court's preliminary order directing the State to disclose to appellees the name and address of its informer, the court held:
"* * * the informer's identity is necessary and relevant to the guilt or innocence of the defendants herein and that said testimony of said informer would be helpful to them in the preparation of their defense."
It appears to be the established law that the State is privileged to refuse disclosure of the confidential informant whose information is relied upon to establish probable cause, and the burden is upon the defendant to show why an exception should be invoked in his case.[4] It is recognized, however, that where the disclosure of an informer's identity is relevant and helpful to the defense of an accused or is essential to a fair determination of the cause, the privilege must give way.[5] In the Roviaro case the Supreme Court of the United States posed the overriding problem in the following manner:
"The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."
In Spataro v. State[6] the Second District Court of Appeal suggested additional factors to be considered in resolving the question of whether an exception should be made to the State's right of nondisclosure:
"Other factors which are considered relevant in determining whether disclosure is required are set forth in an annotation on the subject in 76 A.L.R.2d at page 262. Some of the factors are whether it was necessary for the prosecution to refer to the informer in the presentation of the case, or whether the informer's existence was first brought out on cross-examination by the defendant; whether the informer was an `active participant' in the offense with which the defendant is charged or is a `mere informer' who supplies a `lead'; whether the accused admits or does not deny guilt; and whether there is independent evidence of the accused's guilt. The foregoing factors are only some of those considered in determining whether the privilege is applicable and is not intended to be all inclusive."
We have carefully examined the record of the proceedings on defendants' motion to quash and suppress, but are unable to find therein any credible evidence which either directly or by inference can be said to support the court's conclusion that the informer's identity is necessary and relevant to the guilt or innocence of the defendants and that his testimony would be helpful to the defendants in the preparation of their defense. It is undisputed that the only part played by the informant in the entire transaction was the furnishing of information to the officer which provided a lead in the preliminary investigation made by him which culminated in the signing of the affidavit and issuance of the search warrant. The informant was not a participant in the crime for which the defendants are charged nor was he connected with the commission of the crime in any manner whatsoever. We fail to find in the record any issues drawn by the pleadings or evidence adduced at the hearing before the court sufficient to establish the factors specified by the Supreme Court of *170 the United States in Roviaro, supra, and by the Second District Court of Appeal in Spataro, supra, the proof of which is necessary in order to require disclosure by the State of the identity of its informer.
In Herreres v. United States[7] the trial court's denial of the defendant's motion for an order requiring the government to disclose the identity of its informant was assigned as error on appeal. It was contended that knowledge of the informant's identity was necessary in order for the defendant to ascertain the basis for the informant's conclusions expressed by him to the officers which formed the basis of probable cause for his arrest. Rejecting appellant's contention of error, the Ninth Circuit Court of Appeals said:
"In McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), the Court held that an informant's identity need not be revealed at a suppression hearing if the Judge is satisfied that the police had probable cause to arrest. As in McCray, the arresting officers were available for cross-examination both at the hearing and at the trial. Unlike McCray, the agents here do not know the factual basis for the informant's conclusion.
"This difference does not make disclosure necessary. Two additional facts support the likelihood that the informant's conclusion was correct. First, the tip was detailed. The informant knew the destination and the entrance point of the vehicle four days before it crossed the border. On the day the marijuana was brought into the country, the informant gave an exact description of the car. `When confronted with such detail,' the agents `could reasonably infer that the informant had gained his information in a reliable way.' Spinelli v. United States, 393 U.S. 410 at 417, 89 S.Ct. [584] at 589, 21 L.Ed.2d 637; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1958). Second, the unusual occurrences between the time the car crossed the border and appellant's arrest corroborate the informant's conclusion. United States ex rel. Cunningham v. Follette, 397 F.2d 143 (2d Cir.1968). Cf. McCray v. Illinois, supra; United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).
"The informant's prior reliability, his detailed information, and the subsequent suspicious activity of the vehicle, reasonably permitted the customs agents to accept the informant's conclusion that the Ford contained marijuana. These facts also supplied probable cause to arrest appellant."
The Fifth Circuit Court of Appeals reached a similar conclusion based upon a comparable factual situation in the case of United States v. Acosta[8] in which it said:
"The other assignment of error is the contention that the court erred in denying the request of defendant for the name and address of the informer. This contention is also without merit. There was no showing as in Roviaro v. United States, 1957, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, that the identity of the informer was relevant to the defense on the merits. There was in fact no defense here other than the motion to suppress. There was no showing whatever that the informer played any part in the transaction with which the defendant was charged. See McCray v. Illinois, 1967, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62; Rugendorf v. United States, 1964, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887; and Lira-Ortega v. United States, 5 Cir., 1968, 401 F.2d 506, 507. See also the dictum in Aguilar v. Texas, 378 U.S. at 114, 84 S.Ct. 1509."
There can be no question but that probable cause to believe that appellees *171 were guilty of having committed a crime against the laws of this state was duly established by the affidavit signed by the officer and the evidence adduced before the court on defendants' motion to quash and suppress. The affidavit was based partly upon hearsay evidence furnished the officer by the informant. This informant was known to the officer to be a reliable person through prior contacts with him over a period of the past year. Every fact related to the officer by the informant was carefully checked, verified and found to be correct. It was this information plus other facts learned by the officer from his own independent investigation that formed the basis for probable cause and justified the issuance of the search warrant.[9]
In rejecting a defendant's contention that the trial court erred in failing to require the State to disclose the identity of its informer whose information was relied upon as the basis for probable cause, this court in Harrington v. State[10] said:
"What we have said is not to be construed as indicating that such disclosure is absolutely privileged. The trial court may compel the disclosure when necessary to avoid the risk of false testimony or to secure useful testimony. 3 Wigmore on Evidence, 3 Ed., Section 2374. The rule is succinctly stated in Wharton's Criminal Evidence, 12 Ed. 1955, Section 795, page 136: `The distinction is materiality. When such information is material to the issue, it cannot be withheld. But when it is immaterial, the courts will not compel its disclsoure.' * * *"
The existence of probable cause as a basis for issuance of the search warrant having been clearly established, it appearing without dispute that the informant neither participated in nor was in any manner connected with the commission of the crime for which appellees are charged, and no showing having been made that the informant will be called to testify as a witness against appellees at the time of their trial, the trial court abused its discretion under the facts of this case and committed error in concluding that disclosure of the informer's identity was necessary and relevant to the guilt or innocence of the defendants and would be helpful to them in the preparation of their defense. Finding no basis for this conclusion, it must follow that the court's judgment dismissing the informations filed against appellees and discharging them from custody was erroneous and is hereby reversed.
JOHNSON, C.J., and SPECTOR, J., concur.
NOTES
[1] Rule 1.190(b) (1), Rules of Criminal Procedure.

"(b) Motion to Dismiss.
(1) Grounds. All defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the indictment, information or affidavit, whether the same shall relate to matters of form, substance, former acquittal former jeopardy, or any other defense."
[2] F.S. § 924.07(1), F.S.A.

"An appeal may be taken by the state from:
(1) An order quashing an indictment or information or any count thereof;"
[3] Rule 1.190(f), Rules of Criminal Procedure.

"Order Dismissing. For the purpose of construing Section 924.07(1), Florida Statutes, the statutory term "order quashing" shall be taken and held to mean "order dismissing."
[4] Treverrow v. State (Fla. 1967), 194 So.2d 250.
[5] Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 628, 1 L.Ed.2d 639.
[6] Spataro v. State (Fla.App. 1965), 179 So.2d 873, 879.
[7] Herreres v. United States (9th Cir.1969), 411 F.2d 1198, 1200.
[8] United States v. Acosta (5th Cir., 1969), 411 F.2d 627, 630.
[9] Draper v. United States, 358 U.S. 307, 312, 313, 79 S.Ct. 329, 3 L.Ed.2d 327. See also Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697; Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887.
[10] Harrington v. State (Fla.App. 1959), 110 So.2d 495, 497, 498, followed in State v. Hardy (Fla.App. 1959), 114 So.2d 344.