446 F.2d 923
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jack Graham PRENTISS, Defendant-Appellant.
No. 30614 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 July 13, 1971, Rehearing Denied Aug. 17, 1971.
 
 Robert E. McDonald, Jr., Mobile, Ala., Court-appointed, for defendant-appellant.
 C. S. White-Spunner, Jr., U.S. Atty., Irwin W. Coleman, Jr., Asst. U.S. Atty., Mobile, Ala., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 THORNBERRY, Circuit Judge:
 
 
 1
 After trial by jury Jack Graham Prentiss and his codefendant, Leon Hayes, were convicted of bank robbery in violation of 18 U.S.C.A. 2113(a) and sentenced to imprisonment. In this appeal Prentiss contends that the trial judge prejudiced his chances for a fair jury verdict by asking for a numerical division of the jury; that the court erred in giving the 'Allen' charge to the jury; that the court erred in applying the federal rather than the Alabama rule regarding the use of uncorroborated accomplice testimony; that the court erred in requiring the jury to continue deliberating after it had reported it was deadlocked; and that the court erred in not permitting appellant's counsel to present his argument to the jury on the same day that the court gave its oral charge. We affirm.
 
 
 2
 At 4:55 p.m. on September 18, 1970, the second day of the jury's deliberation, the jury announced to the court that it had reached a verdict as to one defendant but was deadlocked as to the other. When the verdict was handed to the trial judge he observed that the jury had found Prentiss guilty of bank robbery. The judge queried the foreman as to the numerical division of the jury as to the other defendant, and, upon learning that the jury stood at eleven to one, the judge instructed the jury to continue its deliberation. At 5:24 p.m. the judge recalled the jury, sealed the verdict as to Prentiss, then sent the jury back for further deliberation on the question of Hayes' innocence. The jury was unable to reach a decision that evening but returned a verdict of guilty the following day.
 
 
 3
 Relying on Brasfield v. United States, 272 U.S. 448, 47 S.Ct. 135, 71 L.Ed. 345 (1926); Burton v. United States, 196 U.S. 283, 25 S.Ct. 243, 49 L.Ed. 482 (1905), and Cook v. United States, 5th Cir. 1958, 254 F.2d 871, Prentiss argues that the trial judge's question as to the numerical division of the jurors '* * * so destroyed the independence and freedom necessary in a jury's deliberation as to completely prevent any possibility of a freely arrived at verdict.' We disagree. As noted above the jury reached a unanimous verdict as to Prentiss' guilt prior to the time the judge queried the foreman. Clearly, then, the question simply could not have had the coercive effect that Prentiss attributes to it. It follows that the judge's question does not constitute grounds for reversing Prentiss' conviction.
 
 
 4
 Appellant next argues that the 'Allen' charge given by the trial court on the second day of the jury's deliberation coerced the jury into reaching a verdict. The position of this Court with respect to the 'Allen' charge was expressed in Thaggard v. United States, 5th Cir. 1965, 354 F.2d 735, 739, certiorari denied, 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301 (1966): 'This court, although sometimes reluctantly, has approved the 'Allen' charge, while carefully assuring ourselves that there are not engrafted upon it any partial or one-sided comments. * * * Such a charge, so long as it makes plain to the jury that each member of the jury has a duty conscientiously to adhere to his own honest opinion and avoids creating the impression that there is anything improper, questionable, or contrary to good conscience for a juror to cause a mistrial * * * is still a permissible charge to be given in proper circumstances in this Circuit.' In the instant matter the trial court specifically admonished each member of the jury not to surrender his or her conscientious convictions. We thus reject Prentiss' claim of coercion based on the 'Allen' charge.
 
 
 5
 Thirdly, appellant asserts that the trial court erred in utilizing the federal rather than the Alabama standard with respect to the use of uncorroborated accomplice testimony. We disagree. Rule 26 of the Federal Rules of Criminal Procedure provides that 'the admissibility of evidence and the competency and privileges of witnesses shall be governed, except when an act of Congress or these rules otherwise provide, by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.' Pursuant to this rule federal courts have held that the uncorroborated testimony of an accomplice is sufficient to support a conviction. United States v. Stanley, 5th Cir. 1970, 433 F.2d 637; Williamson v. United States, 5th Cir. 1966, 365 F.2d 12. When the testimony of an accomplice is received, however, it is proper that the court instruct the jury that the testimony is to be received with caution. Smith v. United States, 5th Cir. 1965, 343 F.2d 539, 544-545. Since the trial court in the instant matter properly admonished the jury to examine accomplice testimony with great care and caution, we are unable to discern error in his use of the federal standard. Nor do we find merit in appellant's argument that the effect of the trial court's action in requiring the jury to continue deliberating after it had reported a deadlock as to one defendant was to coerce the jury into returning a verdict of guilty as to appellant. As we have noted above, the jury reached a unanimous decision as to appellant's guilt prior to the judge's decision to require the jury to resume its deliberation. Clearly the judge's action could not have had the effect attributed to it by appellant.
 
 
 6
 Finally, we determine that appellant's argument that the trial court erred in not permitting counsel to present his argument to the jury on the same day that the court gave its oral charge is without merit. The order and extent of argument is within the sound discretion of the trial judge. After studying the record we are unable to conclude that the trial judge abused his discretion.
 
 
 7
 For the above reasons we affirm the judgment of the trial court.
 
 
 8
 Affirmed.