**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Beverly J. ROBERTS, a/k/a Beverly Matthews, Defendant-Appellant.**

**No. 71-1464.**

United States Court of Appeals, Fifth Circuit.

Dec. 29, 1971.

Rehearing Denied Jan. 18, 1972.

Certiorari Dismissed April 7, 1972.

See 92 S.Ct. 1331.

Edward R. Kirkland, Orlando, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Orlando, Fla., Bernard H. Dempsey, Jr., Tampa, Fla., Claude H. Tison, Jr., Asst. U. S. Atty., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Defendant Beverly J. Roberts was convicted on two counts charging perjury, in violation of 18 U.S.C. § 1621, relative to testimony which she gave before a federal grand jury.

The grand jury before which appellant testified indicted Harlan A. Blackburn on a charge of use of facilities of interstate commerce in furtherance of an illegal gambling enterprise. At Blackburn's trial a question arose as to whether the Jencks Act (18 U.S.C. § 3500) applied to certain FBI investigative reports containing memoranda of interviews by FBI agents with McCormick, a paid informer and the Government's principal witness. The trial court in that case conducted an extensive hearing and refused to require production of the reports after McCormick had completed his direct testimony. On appeal this Court affirmed, United States v. Blackburn, 5 Cir., 1971, 446 F. 2d 1089, pointing out that the FBI agent who interviewed McCormick would make notes of the conversation and return to his office and prepare a report containing his interpretation of the conversation. The reports did not quote McCormick directly and were never signed by or even shown to him. Accordingly, they were not producible under the Jencks Act.

The present case grows out of the same Blackburn gambling enterprise in Florida which consisted of illegal bookmaking and lottery activities. McCormick, the informer and star witness of the Government, testified against defendant Roberts as he had against Blackburn. His testimony as to the manner of taking of information by the FBI agent and the making of notes was the same in both cases. Both defense and Government counsel proffered to the trial judge here the transcript of proceedings in the prior Blackburn trial insofar as it pertained to the extensive hearing and testimony of McCormick and Agent Hafley in connection with the reports of interviews. Counsel for appellant Roberts was also counsel for Blackburn in the prior case. In this case the United States Attorney furnished defense counsel with copies of Agent Hafley's reports of interviews with McCormick insofar as they involved appellant Roberts. During the trial defense counsel again requested (as he had in the Blackburn case) that the Government produce under the Jencks Act, the reports of interviews between Agent Hafley and McCormick during the period of time McCormick was working with the FBI. These FBI reports referred not only to activities of appellant Roberts but to the operations of Blackburn and crime in Central Florida for a period of years. The Court having considered the circumstances we have described, declined the request.

There is no difference between this defense request and the one made in the Blackburn case, and for the reasons well expressed in Judge Dyer's opinion in *Blackburn,* we affirm the ruling of the District Judge in this regard.

We have carefully examined the other points of error raised by appellant and find them likewise to be without merit. Instructions which the Court gave the jury relative to the crime of perjury conformed to the requirements of United States v. Debrow, 346

U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953). See also United States v. Edmondson, 5 Cir., 1969, 410 F.2d 670, 673–674. The giving of the Allen charge to the jury under the circumstances here was also proper. We have many times approved the giving of such a charge under similar circumstances. We do not think the Court, therefore, abused its discretion. United States v. Williams, 5 Cir., 1971, 447 F.2d 894; United States v. Prentiss, 5 Cir., 1971, 446 F.2d 923. Nor did the Court err in declining to grant a mistrial when the jury first informed the trial judge that it was unable to agree. No motion was made at the time for a mistrial by the defendant nor would one have been warranted under the facts and circumstances which prevailed at the time.

Affirmed.