284 So.2d 423 (1973)
The STATE of Florida, Petitioner,
v.
James LATIMORE, Respondent.
No. 73-440.
District Court of Appeal of Florida, Third District.
August 21, 1973.
Rehearing Denied November 8, 1973.
Richard E. Gerstein, State's Atty., and Joseph Durant, Asst. State's Atty., for petitioner.
Phillip A. Hubbart, Public Defender, and Stephen N. Lipton, Asst. Public Defender, for respondent.
Before BARKDULL, C.J., and CHARLES CARROLL and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Petitioner, the State of Florida, on March 21, 1973 filed an information charging the respondent, James Latimore, with second degree murder. On March 28, 1973 counsel for respondent filed a motion for disclosure of certain public records. On March 30, 1973 the trial court granted the motion and entered the following order:
"CONSIDERED, ORDERED AND ADJUDGED that the motion for disclosure is hereby granted and the State of Florida is hereby ordered to disclose to the defendant any and all police reports filed by the police officers in connection with the charge against the defendant, since it is the Court's ruling that all police reports are `statements' within the meaning of Rule 3.220(a)(1)(ii), Florida Rules of Criminal Procedure."
*424 From the above order, petitioner seeks review by writ of certiorari and contends that all police reports filed by police officers against a defendant are not "statements" within the meaning of Rule 3.220(a)(1)(ii)[1], Florida Rules of Criminal Procedure, 33 F.S.A.
Since the cause, in which we are asked to define the word "statement" in the newly enacted Criminal Rule 3.220, is one of first impression in Florida, we looked to the federal interpretation of "statement" contained in Federal Rules of Criminal Procedure, 18 U.S.C.A. § 3500, from which our Florida rule (3.220) is derived.
Our research revealed that the federal courts define the word "statement" in 18 U.S.C.A. § 3500 to mean those statements which are a substantial verbatim recital of the witness' own words. Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959), rehearing denied 361 U.S. 855, 80 S.Ct. 41, 4 L.Ed.2d 94; Ayash v. United States, 352 F.2d 1009 (10th Cir.1965); United States v. Marchisio, 344 F.2d 653 (2nd Cir.1965).
Consistent with the above definition, the United States Court of Appeals, Fifth Circuit repeatedly has held that F.B.I., police, and other investigative reports which do not quote a witness directly and never signed nor shown to that witness are not subject to discovery under 18 U.S.C.A. § 3500. United States v. Graves, 428 F.2d 196 (5th Cir.1970), Cert. denied 400 U.S. 960, 91 S.Ct. 360, 27 L.Ed.2d 269; United States v. Scaglione, 446 F.2d 182 (5th Cir.1971), Cert. denied 404 U.S. 941, 92 S.Ct. 284, 30 L.Ed.2d 254; United States v. Blackburn, 446 F.2d 1089 (5th Cir.1971), Cert. denied 404 U.S. 1017, 92 S.Ct. 679, 30 L.Ed.2d 665; United States v. Roberts, 455 F.2d 930 (5th Cir.1971). See also United States v. Long, 468 F.2d 755 (8th Cir.1972).[2]
Turning next to the available Florida law on this issue, we first noted that Florida courts previous to the enactment of CrPR 3.220(a)(1)(ii) have held that defense counsel was not entitled to the production of police reports. Scott v. State, Fla.App. 1968, 207 So.2d 493.
Secondly, in State v. Gillespie, Fla.App. 1969, 227 So.2d 550, the Second District Court of Appeal held that reports or summaries made by agents of prosecution which condense witness' testimony, evaluate and compile evidence and testimony for investigation purposes or for trial briefs or other use at trial, or memoranda of strategy *425 or statements or documents used as investigatory techniques to procure or elicit evidence are examples of work product to which accused is not entitled ordinarily. See also Darrigo v. State, Fla.App. 1971, 243 So.2d 171.
Third, CrPR 3.220(a)(1)(ii)[3] itself makes it clear that the word "statement" as used in the rule means a written statement signed by the person who made such statement or a substantial verbatim recital of an oral statement made by a person to an officer or an agent of the State and recorded contemporaneously with the making of such oral statement. [Emphasis Supplied]
In light of the above, we hereby hold that police and other investigation reports which do not quote a person under CrPR 3.220(a)(1)(ii) directly and never are signed or shown to that person are not statements within CrPR 3.220(a)(1)(ii) and thus are not subject to discovery thereunder.
In conclusion, we deem the following statement by the Florida Supreme Court in State v. Crawford, Fla. 1972, 257 So.2d 898 to be most appropriate to the case sub judice: "On the other hand, the prosecuting attorney should not be required to actively assist defendant's attorney in the investigation of the case. Discovery in criminal cases has tended to be heavily weighed in favor of the defendant, and it would be contrary to the general principle of advocacy, as well as fairness itself, to require the prosecuting attorney to perform any duties on behalf of the defendant in the preparation of the case."
For the reasons stated hereinabove, we conclude that it was error for the trial court to find that all police reports are "statements" within the meaning of Rule 3.220(a)(1)(ii), Florida Rules of Criminal Procedure.
Lastly, in his reply brief in opposition to petition for writ of certiorari, respondent initially argues that this court is without jurisdiction to review by writ of certiorari the order of the court below. We find this contention totally lacking in merit. See State v. Williams, Fla.App. 1969, 227 So.2d 253.
Accordingly, we hereby grant the petition for common law certiorari and quash the trial court's order here in issue.
Certiorari granted, order quashed.
NOTES
[1] 3.220. Discovery
"(a) Prosecutor's Obligation.
"(1) After the filing of the indictment or information, within fifteen days after written demand by the defendant, the prosecutor shall disclose to defense counsel and permit him to inspect, copy, test and photograph, the following information and material within the State's possession or control:
"(i) The names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto.
"(ii) The statement of any person whose name is furnished in compliance with the preceding paragraph. The term `statement' as used herein means a written statement made by said person and signed or otherwise adopted or approved by him, or a stenographic, mechanical, electrical, or other recording, or a transcript thereof, or which is a substantially verbatim recital of an oral statement made by said person to an officer or agent of the State and recorded contemporaneously with the making of such oral statement, provided, however, if the court determines in camera proceedings as provided in subsection (i) hereof that any police report contains irrelevant, sensitive information or information interrelated with other crimes or criminal activities and the disclosure of the contents of such police report may seriously impair law enforcement or jeopardize the investigation of such other crimes or activities, the court may prohibit or partially restrict such disclosure. The court shall prohibit the State from introducing in evidence the material not disclosed, so as to secure and maintain fairness in the just determination of the cause."
[2] Footnote #1, page 756.
[3] See footnote #1 above.