360 So.2d 46 (1978)
Alvin MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1540.
District Court of Appeal of Florida, Second District.
June 14, 1978.
*47 Jack O. Johnson, Public Defender, and W.C. McLain, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Chief Judge.
Appellant Alvin Miller was found guilty after nonjury trial of the offenses of battery of a law enforcement officer and resisting arrest without violence. Appellant was placed on probation for a period of three years on the battery charge and one year on the charge of resisting arrest, to run concurrently.
The sole point raised on appeal is whether the trial court erred in entering an order denying appellant's motion to compel production of statements made by police officers who witnessed the crime. The motion was filed pursuant to Rule of Criminal Procedure 3.220(a)(1)(ii) which requires the prosecutor in a criminal action to disclose the statements of all persons known to him to have information relevant to the offense charged. Appellant sought to compel the state to produce the police report concerning these offenses or a copy of the written statements of six police officers and a police intern of the St. Petersburg Police Department, all of whom allegedly witnessed the offenses charged. Two of the officers, Lightfield and Sullivan, each testified that he had made a written statement as part of the police report detailing his observations with respect to the charges that had been filed against appellant and that he intended to use the police report to refresh his memory at trial. None of the other alleged witnesses to the incident made a written statement regarding the incident. At trial Officers Lightfield and Sullivan testified that they had previously reviewed their police reports.
The state contends that on the authority of this court's decision in Glow v. State, 319 So.2d 47 (1975) we should affirm the trial court's ruling. In Glow we held that police reports are not public documents open to inspection. However, our decision in Glow should not be read as placing a written statement of an eyewitness or victim to an alleged crime beyond the reach of a defendant simply because the witness is a police officer. Certainly a defendant in a criminal case should have access to the written statements of witnesses in possession of the state particularly where, as in this case, they pertain to essential elements of proof and are used by witnesses to refresh their memories before taking the witness stand. See State v. Johnson, 284 So.2d 198 (Fla. 1973); State v. Latimore, 284 So.2d 423 (Fla.3d DCA 1973).
The instances where police officers are actual eyewitnesses to or victims of the *48 crime charged and write their observations in a police report are infrequent. Requiring the prosecution to supply that portion of the police report is not an undue burden. Where the report otherwise includes confidential or sensitive material it can be excised by the trial court in an in camera proceeding.
Accordingly, the judgments are reversed, and the cause is remanded to the trial court for proceedings consistent with this opinion.
REVERSED and REMANDED.
RYDER and DANAHY, JJ., concur.