363 So.2d 568 (1978)
The STATE of Florida, Petitioner,
v.
Michael DUMAS, Respondent.
No. 78-83.
District Court of Appeal of Florida, Third District.
September 19, 1978.
*569 Janet Reno, State's Atty., and David M. Waksman, Asst. State's Atty., for petitioner.
Andrew H. Boros and Terrance J. McWilliams, Miami, for respondent.
Before PEARSON, BARKDULL and HUBBART, JJ.
HUBBART, Judge.
This is a petition for a writ of certiorari filed by the state seeking review of a pre-trial discovery order entered by the trial court in a criminal case. The state and the defendant, as respondent herein, have filed briefs and presented oral argument to this court in the cause.
The primary issue presented for review centers around what types of police reports, if any, must be produced by the state on pre-trial discovery for the defendant in a criminal case. We hold that upon the filing of a proper written demand for discovery by the defendant under Fla.R. Crim.P. 3.220(a)(1)(i) and (ii), the state is only required to produce the following particular types of police reports: (1) those police reports which are written and signed or otherwise adopted or approved by a person whose name has been furnished by the prosecutor to the defendant upon demand under Fla.R.Crim.P. 3.220(a)(1)(i), and (2) those police reports which contain a substantially verbatim recital of an oral statement which is (a) made by a person whose name has been furnished by the prosecutor to the defendant upon demand under Fla.R. Crim.P. 3.220(a)(1)(i), and (b) made to an officer or agent of the state who recorded such statement contemporaneously with the making thereof.[1] We accordingly quash the order under review as being overbroad.
The facts pertinent to the issue before the court are undisputed. On November 10, 1977, the defendant Michael Dumas and a co-defendant were charged by information with the crime of burglary of a structure before the Circuit Court for the Eleventh Judicial Circuit of Florida. On November 28, 1977, the defendant Dumas entered a plea of not guilty. On December 6, 1977, the defendant filed a lengthy written demand for discovery in which he requested inter alia: (1) the names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto under Fla.R.Crim.P. 3.220(a)(1)(i), and (2) copies of all statements of any persons known to the prosecutor to have information relevant to the offense *570 charged and to any defense thereto [including but not limited to police reports filed in the cause] under Fla.R.Crim.P. 3.220(a)(1)(ii). The state filed a response to this demand for discovery but withheld any police reports contending that they were not discoverable under Florida law. The defendant filed a motion for the production of all such police reports and, upon a hearing held on such motion, the trial court ordered the carte blanche production of all police reports filed in the cause "unless such reports contain material which should be protected."
Fla.R.Crim.P. 3.220(a)(1) provides that "[a]fter the filing of the indictment or information, within fifteen days after written demand by the defendant, the prosecutor shall disclose to defense counsel . . (i) the names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto; [and] (ii) the statement of any person whose name is furnished in compliance with the preceding paragraph [subsection (i)]." A "statement" is thereafter defined by the rule to mean one of two things: (1) "a written statement made by said person and signed or otherwise adopted or approved by him, or a stenographic, mechanical, electrical, or other recording, or a transcript thereof;" or (2) "a substantially verbatim recital of an oral statement made by said person to an officer or agent of the State and recorded contemporaneously with the making of such oral statement . .". Finally, the rule in conjunction with Fla.R. Crim.P. 3.220(i) provides that upon the request of any person, the trial court may make an in camera inspection of any police reports supplied under this rule; and upon a finding that "any police report contains irrelevant, sensitive information or information interrelated with other crimes or criminal activities and [that] the disclosure of the contents of such police report may seriously impair law enforcement or jeopardize the investigation of such other crimes or activities, the court may prohibit or partially restrict such disclosure."
This court in State v. Latimore, 284 So.2d 423 (Fla.3d DCA 1973), followed the above definition of "statement" under Fla.R. Crim.P. 3.220(a)(1)(ii)[2] and quashed a trial court order requiring the state to make a carte blanche discovery to the defendant of all police reports filed in connection with the case. No demand for discovery had ever been filed by the defendant under Fla.R.Crim.P. 3.220(a)(1)(i), (ii); only a defense motion for the production of all police reports in the case was made. This court flatly held that "police and other investigative reports which [1] do not quote a person under CrPR 3.220(a)(1)(ii) directly and [2] never are signed or shown to that person are not statements within CrPR 3.220(a)(1)(ii) and thus are not subject to discovery thereunder."
In Miller v. State, 360 So.2d 46 (Fla.2d DCA 1978) the court reversed a criminal conviction on the ground that the trial court had erred in denying discovery production to the defendant upon proper demand of certain police reports written and signed by persons [policemen] who witnessed or were victims of the crime for which the defendant was charged. The court held that such police reports were statements within the meaning of Fla.R. Crim.P. 3.220(a)(1)(ii).
In the instant case, it is clear that the defendant has filed a proper discovery demand upon the prosecutor under Fla.R. Crim.P. 3.220(a)(1)(i), (ii). It is also clear, as the state concedes, that the police reports in this case contains no irrelevant or sensitive material for which an in camera inspection would be necessary. Nonetheless, the trial court's order under review is in error as being overbroad because it orders the carte blanche production of all police reports filed *571 in the case [unless otherwise subject to protection] and such is clearly improper. The trial court should have ordered the production of only two types of police reports herein as defined in Fla.R.Crim.P. 3.220(a)(1)(ii) and interpreted in Latimore and Miller, to wit: (1) those police reports which are written and signed or otherwise adopted or approved by a person whose name has been furnished by the prosecutor to the defendant upon demand under Fla.R. Crim.P. 3.220(a)(1)(i) and (2) those police reports which contain a substantially verbatim recital of an oral statement (a) made by a person whose name has been furnished by the prosecutor to the defendant upon demand under Fla.R.Crim.P. 3.220(a)(1)(i), and (b) made to an officer or agent of the state who recorded such statement contemporaneously with the making thereof.
The order under review is quashed and the cause remanded to the trial court with directions to order the state to make pre-trial discovery to the defendant of only those police reports as particularized above.
It is so ordered.
NOTES
[1] This holding is subject to the further limitation that upon the request of any person, the trial court may make an in camera inspection of any police report which contains irrelevant or sensitive information and thereafter prohibit or partially restrict the discovery of such police report under Fla.R.Crim.P. 3.220(a)(1)(ii), 3.220(i). Such a limitation, however, has no application to this case as the state has conceded at oral argument in this cause that the police reports herein contain no irrelevant or sensitive material.
[2] "Third, CrPR 3.220(a)(1)(ii) itself makes it clear that the word `statement' as used in the rule means a written statement signed by the person who made such statement or a substantial verbatim recital of an oral statement made by a person to an officer or an agent of the State and recorded contemporaneously with the making of such oral statement." 284 So.2d at 425. [Emphasis omitted].