MOORE, Judge.
This is an appeal from a judgment and sentence adjudicating the appellant guilty of burglary and sexual battery. He was sentenced to concurrent terms of thirty years and fifteen years, respectively.
Appellant raises only one point which merits discussion. He claims that the trial court erroneously denied his pre-trial motion to compel discovery of certain police reports which he sought for use at trial. Appellant contends that the trial court’s failure to compel the State to furnish these reports deprived him of the opportunity to effectively cross-examine witnesses against him at trial. He argues that the trial court’s action constituted a departure from the mandatory requirements of Florida Rule of Criminal Procedure 3.220(a) which provides:
(a) Prosecutor’s Obligation.
(1) After the filing of the indictment or information, within fifteen days after written demand by the defendant, the prosecutor shall disclose to defense counsel and permit him to inspect, copy, test and photograph, the following information and material within the State’s possession or control:
(i) The names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto.
(ii) The statement of any person whose name is furnished in compliance with the preceding paragraph. The term “statement” as used herein means a written statement made by said person and signed or otherwise adopted or approved by him, or a stenographic, mechanical, electrical, or other recording, or a transcript thereof, or which is a substantially verbatim recital of an oral statement made by said person to an officer or agent of the State and recorded contemporaneously with the making of such oral statement, provided, however, if the court determines in camera proceedings as provided in subsection (i) hereof that any police report contains irrelevant, sensitive information or information interrelated with other crimes or criminal activities and the disclosure of the contents of such police report may seriously impair law enforcement or jeopardize the investigation of such other crimes or activities, the court may prohibit or partially restrict such disclosure. The court shall prohibit the State from introducing in evidence the material not disclosed, so as to secure and maintain fairness in the just determination of the cause.
The State’s chief witness against the appellant was the victim of the burglary-sexual battery. The other witnesses whose testimony is pertinent to this appeal were four officers of the Fort Lauderdale Police Department.
Appellant’s motion to compel discovery of the police reports was based on two alternate theories: (1) the reports contained a substantially verbatim recital of an oral statement by a person (the victim) whose name had been furnished pursuant to Rule 3.220(a)(l)(i), and (2) the reports were written and signed, or otherwise adopted or approved by the officers who made them and whose names had been furnished to the defense. We affirm the denial of the motion to compel discovery and, for purposes of clarity, we will separate our discussion regarding the discoverability of police reports under each of these theories.
Applying the above cited rule to appellant’s first theory, it is obvious that any “statement” made by the victim would be discoverable if it were signed, approved or adopted by her, since the prosecutor provided defense counsel with the victim’s name as a person who had “information . relevant to the offense charged”. Similarly, the victim’s statement would be discoverable if it were a “stenographic, mechanical, electrical or other recording”, or if her statement were a “substantially verbatim recital” of a statement made to a police officer and recorded contemporaneously with its utterance. Appellant thus contends that, because the police reports were based on statements made to the police by the victim, the reports were discoverable and necessary to cross-examine the victim.
*291 The fallacy in appellant’s argument is that the reports did not contain “substantially verbatim” statements of the victim. Nor were these reports adopted, approved, signed, or otherwise ratified by the victim. Furthermore, the reports reveal that the police did not write their reports contemporaneously with the victim’s utterances. Simply stated, the reports are merely synoptic, composite summaries of the victim’s previously rendered narrative of the events surrounding the crime. As such, we find this aspect of the present appeal to be directly apposite to the holdings of the Third District Court of Appeal in State v. Latimore, 284 So.2d 423 (Fla. 3rd DCA 1973) and State v. Dumas, 363 So.2d 568 (Fla. 3rd DCA 1978), and we therefore hold that the police reports were not discoverable as “substantially verbatim” statements of a witness.
Inasmuch as Florida Rule of Criminal Procedure 3.220(a) is modeled after the Federal Jencks Act, 18 U.S.C.A. Section 3500 (also Rule 16, Fed.R.Crim.P.), we find additional authority in interpretive federal decisions which support our holding. See, e.g., United States v. Peterson, 524 F.2d 167 (4th Cir. 1975); United States v. Greeley, 471 F.2d 25 (3rd Cir. 1972); United States v. Polizzi, 500 F.2d 856, 893 (9th Cir. 1974); United States v. Gaston, 608 F.2d 607 (5th Cir. 1979); United States v. Cuesta, 597 F.2d 903 (5th Cir. 1979); United States v. Muckenstrum, 515 F.2d 568 (5th Cir. 1975); United States v. Gaddis, 506 F.2d 352 (5th Cir. 1975); United States v. Goodwin, 470 F.2d 893 (5th Cir. 1972).
We now discuss whether the trial court erred in refusing to compel the state’s production of the police reports as “statements” of the officers who made them. In other words, the issue is whether police reports are discoverable as “statements” of the officers whose names were furnished to the defense.
In Miller v. State, 360 So.2d 46 (Fla. 2nd DCA 1978), the Court held that police reports were discoverable by the defense when a police officer who authored the report was a witness to the crime itself and used the report prior to testifying to refresh his memory. See also, State v. Herrera, 84 N.M. 365, 503 P.2d 648 (App.1972); State v. Babin, 319 So.2d 367 (La.1975); State v. Hicks, 515 S.W.2d 518 (Mo.1974); LeGrande v. Commonwealth, 494 S.W.2d 726 (Ky.App.1973); Maynard v. Commonwealth, 497 S.W.2d 567 (Ky.App.1973). In the instant case, the police officers who testified against appellant were not eyewitnesses to the crime itself, but rather, their testimony related solely to the post-crime investigation and the eventual arrest of the appellant.
We do not believe that Rule 3.220(a)(1)(H) contemplates carte blanche discovery of all police reports which, prior to adoption of the rule, were traditionally not subject to discovery. Thus, we hold that police reports are not discoverable, per se, as “statements” of the officers who made them. We do not say, however, that they are only discoverable when the officers are “eyewitnesses” to the crime, as was the ease in Miller, supra. We recognize the trial court’s discretion to permit discovery in certain other instances. For example, a police officer’s report describing the scene of a crime after the actual commission of the crime could be of singular importance in establishing a point crucial to the case at trial. Such an instance could exist where the officer has given conflicting statements regarding the victim’s injured condition, yet states in his report that the victim was not injured. Thus, although there can be no doubt that there are instances in which a police officer’s non-eyewitness testimony is highly probative of the guilt or innocence of the accused, such a situation is not presented here.
It is significant that none of the officers who testified were eyewitnesses, and none used his report while on the witness stand, although all testified that they had refreshed their recollection by reading their reports at various times before trial. It is well established that defense counsel has no right to demand or inspect a written memorandum or report, for cross-examination purposes, when that memorandum or *292 report is not used by the witness while on the witness stand. Francis v. State, 343 So.2d 932 (Fla. 3rd DCA 1977); Marshall v. State, 321 So.2d 114 (Fla. 1st DCA 1975); Williams v. State, 208 So.2d 628 (Fla. 3rd DCA 1968). An entirely different result would occur, however, in those cases where the witness testifies with the aid of notes or memoranda. Allen v. State, 243 So.2d 448 (Fla. 1st DCA 1971).
Accordingly, we find no error in denying defense motions to compel production of police reports. The appellant’s conviction and sentence are affirmed.
AFFIRMED.
HERSEY, J., and LAMAR WARREN, Associate Judge, concur.