GLICKSTEIN, Judge.
Appellant was charged by information with delivery of cannabis and possession of cocaine. He was found guilty by a jury as charged and was sentenced to three years’ imprisonment on each count, to run concurrently.
Appellant contends that he is entitled to a new trial because of the discovery violations by the state listed below:[1]
1. Failure to disclose oral statements made by appellant.
2. Failure to produce oral statements of the undercover arresting officer.
3. Failure to disclose the search of appellant’s person and seizure of cocaine thereby.
Inasmuch as the trial court did not conduct an inquiry with respect to the first and third violations as required by Richardson v. State, 246 So.2d 771 (Fla.1971), we find harmful error and reverse.
Upon the first point, appellant filed a discovery demand which sought:
(d) The stataement of the accused, if any statement is attributed to the accused together with the names of all persons present when such alleged remark, if any there be, was purportedly made or uttered by the Defendant.
The state’s answer to the foregoing was: (a) Written, recorded and/or oral statements of defendant. YES
Since the word recorded was underlined in a standard, preprinted answer to demand for discovery form, the state appeared to negate the existence of other, unrecorded statements. Immediately prior to trial, however, defense counsel called to the trial court’s attention that there were oral statements made by appellant which the state intended to introduce at trial. Most of these oral statements were described in a sworn offense report prepared by the arresting officers. The statements were conversational in nature and were made on July 11 and 12. Appellant’s arrest occurred on the night of July 12. A copy of the report, containing a description of the conversations between appellant and the undercover arresting officers, was apparently given to defense counsel immediately prior to trial.
The failure to notify timely of these oral statements was a discovery violation. Florida Rule of Criminal Procedure 3.220(a) (1) (iii) specifically obligates the prosecutor to disclose the substance of any oral statements made by the accused, together with the name and address of each witness to the statement. Accordingly, it was incumbent upon the trial court to conduct a hearing and specifically determine whether the state’s violation was willful or inadvertent; whether the violation was trivial or substantial; and whether the violation prejudiced appellant’s ability to prepare properly for trial. Brey v. State, 382 So.2d 395 (Fla. 4th DCA 1980). The trial court made none of the foregoing determinations and simply overruled appellant’s objection. Consequently, the error is harmful. Id.
Appellant next contends the state’s failure to produce, in response to appellant’s demand for discovery, a copy of the abovementioned offense report was a discovery violation. He points out that he specifically demanded the statement of any *507 person having information and that the state’s answer specifically lists Detective Dutko, one of the undercover arresting officers, as having given a statement. The officer’s statements were contained in his sworn offense report. There is no question that appellant was entitled to a copy of that part of the offense report in which the officer was an eye witness to or participant in the events which led to appellant’s arrest. Miller v. State, 360 So.2d 46 (Fla. 2d DCA 1978). Cf. Lockhart v. State, 384 So.2d 289 (Fla. 4th DCA 1980). In its answer the state informed appellant that the statements were available for inspection and copying at the state attorney’s office upon reasonable notice. That offer satisfied Florida Rule of Criminal Procedure 3.220(a)(1), which requires the prosecutor to disclose such statements to defense counsel and to permit him to inspect and copy same. Since the record is devoid of any proof that defense counsel made an effort to inspect and copy the officer’s statements, we do not find a discovery violation on this point.
Appellant’s third and final point is that he was prejudiced by the state’s failure to disclose a search and seizure of cocaine and the trial court’s failure to conduct an inquiry as to same. Appellant demanded
(j) A complete disclosure of whether there has been any search or seizure together with a complete disclosure of documents relating thereto.
The state’s answer was:
(h) Search or seizure, and documents relating thereto: NONE
At the trial, Detective Dutko answered affirmatively when asked if appellant was searched at the time of his arrest. Defense counsel then asked that the jury be excused and proceeded to argue that the state had represented in its answer that no search and seizure had occurred. The prosecutor argued that the state was only obligated to disclose searches and seizures made pursu-' ant to search warrants. The trial court apparently concluded no discovery violation existed and no Richardson inquiry was necessary. Florida Rule of Criminal Procedure 3.220(a)(l)(ix) requires the prosecutor to disclose:
(ix) Whether there has been any search or seizure and any documents relating thereto.
The rule means just what is says; namely, any search or seizure. Therefore we find that the state’s failure to disclose constituted a discovery violation requiring the trial court to conduct a Richardson inquiry. The trial court’s failure to make the necessary determinations was harmful error.
Accordingly, we reverse and remand this cause for a new trial to proceed consistent herewith.
REVERSED AND REMANDED.
HERSEY, J., concurs.
MOORE, J., concurs with opinion.

. Appellant in his brief also argued that the failure to disclose evidence receipts was a discovery violation. However, at oral argument he conceded that such a violation would not constitute reversible error.